UNITED STATES of America,
Plaintiff–Appellee,

v.

James "Jimmie" Earl ARON,
Defendant–Appellant.

No. 90–1123
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 4, 1990.

Grady F. Tollison, S. Allan Alexander, Tollison & Alexander, Oxford, Miss., for defendant-appellant.

John R. Hailman, Asst. U.S. Atty., Robert Q. Whitwell, U.S. Atty., Oxford, Miss., for plaintiff-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge.

James "Jimmie" Earl Aron is presently being detained without bail pending trial on charges including mail fraud, use of interstate commerce facilities in the course of a conspiracy to commit murder-for-hire, and carrying a firearm in relation to a crime of violence. Aron was originally released on $100,000 bond. Aron's bail was revoked, however, and Aron was ordered detained, because of proof that he had intimidated a government witness. Aron appeals the Detention Order, arguing that the government did not sustain its burden of proof. We affirm the Detention Order.

I

On October 27 1989, a grand jury returned a nine-count indictment charging Aron with conspiracy to commit mail fraud and murder-for-hire, use of interstate commerce facilities in the course of a conspiracy to commit murder-for-hire, mail fraud, and carrying a firearm in relation to a crime of violence. The government moved for the detention of Aron pending trial, but the magistrate denied the motion and released Aron on conditions. The release order forbade Aron from contacting four witnesses: Wendell Blount, Linda Fason, C. B. Gladney, and A. W. Yates. The release order also contained the standard condition, 18 U.S.C. § 3142(c)(1)(A), requiring Aron to observe all federal, state, and local laws. Finally, the "Advice of Penalties and Sanctions" portion of the release form alerted Aron to the fact that it was a federal offense to tamper with or intimidate a witness, victim, or informant.

II

On November 29, 1989, the government moved for revocation of Aron's release, contending that he had violated the conditions of his release by attempting to intimidate a witness, Boyce Crowell, who had testified before the grand jury in this case, with the aim of influencing the witness's testimony. An evidentiary hearing was held before the magistrate on December 20, 1989. The transcript of that hearing reveals that it is undisputed that Aron drove to the home of Boyce Crowell on Thanksgiving evening, November 23, 1989, and spoke with Crowell. The testimony at the evidentiary hearing presented two versions of the discussion that evening.

Crowell testified that Aron came to his home and asked him what he had told the grand jury about the life insurance policy Aron had purchased on the life of Wendell Blount, the man whose death was the object of the alleged conspiracy. Crowell testified that he informed Aron that he had told the grand jury that he had not seen Blount sign the application. Crowell testified that Aron expressed disappointment and that Aron "wished that I had said that I had seen Blount sign it." Crowell also testified that, later in the conversation, Aron said that he would "get even with anyone that lines up on their side." Crowell testified that by "their side," Aron meant the law and Wendell Blount.

Crowell further testified that Aron stated that he had taken a back road to Cro-

well's house so that no one would observe his presence. Crowell testified that, although Aron did not threaten him, did not raise his voice while speaking, and did not ask him to change his testimony, he nevertheless felt intimidated by the visit. Crowell admitted that he knew Aron from business dealings and that he had borrowed money from Aron to finance a business venture.

Sue Taylor testified that in November 1989 she had paid off a debt she owed to Aron and that, as a condition of repayment, Aron was to contact Crowell and cancel the insurance policy he had on Taylor. Crowell admitted that he and Aron discussed the Taylor policy during the Thanksgiving visit.

Lamar Johnson testified that he observed Crowell and Aron speaking at Crowell's house on Thanksgiving evening, but that he did not overhear the conversation. Dr. Walter Hudson testified that in November 1989 Crowell told him to tell Aron that Crowell wanted to speak with him.

Aron testified that Dr. Hudson had told him that Crowell wished to see Aron. Crowell testified that he did not remember asking Dr. Hudson to convey this message to Aron. Aron also testified that he did not know that Crowell was a grand jury witness, and that Crowell brought up the subject of his grand jury testimony.

After the hearing was concluded, the magistrate revoked Aron's pretrial release.

Aron appealed the magistrate's order to the district court. The district court, after conducting a de novo evidentiary hearing and considering the transcript of the detention hearing conducted by the magistrate, ordered Aron's release revoked. The district court found that Aron had "willfully violated a written condition of his previous release on bail, namely that he should not intimidate or attempt to intimidate any witness involved in the case." The district court further found that the violation warranted revocation and that Aron could not be released on any condition or combination of conditions. Aron filed a timely notice of appeal.

## III

The district court's detention order must be sustained " 'if it is supported by the proceedings below.' " *United States v. Barker*, 876 F.2d 475, 476 (5th Cir.1989) (quoting *United States v. Jackson*, 845 F.2d 1262, 1263 (5th Cir.1988)). This court reviews the factual basis for the order revoking release under the clearly erroneous standard. *United States v. Cook*, (5th Cir. 1989) (unpublished opinion, attached hereto as an appendix) (citing *United States v. Gotti*, 794 F.2d 773, 778 (2d Cir.1986)).

Title 18, Section 3148(b) provides that a judicial officer shall enter an order of revocation of a previous release order if, after a hearing, the judicial officer

(1) finds that there is—

(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

(B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that—

(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of sec-

tion 3142 of this title and may amend the conditions of release accordingly.

According to the statute, the district court must have found (1) that there was either probable cause that Aron committed a crime while on release *or* clear and convincing evidence that he violated any *other* condition of release, *and* (2) that either no condition or combination of conditions will assure that Aron will not pose a danger to any other person or the community *or* that Aron is unlikely to abide by any condition or combination of conditions or release.

The district court found that there was probable cause to believe that Aron had committed a crime while on release, i.e., that Aron endeavored to intimidate witness Boyce Crowell. The district court also concluded that Aron would "again violate the orders of the court concerning conditions of his release."

■ In order to satisfy the probable cause requirement of § 3148(b)(1)(A), the facts available to the judicial officer must " 'warrant a man of reasonable caution in the belief' that the defendant has committed a crime while on bail." *Gotti*, 794 F.2d at 777 (quoting *Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983)). We hold that the probable cause standard of § 3148(b)(1)(A) was clearly satisfied in this case. In any event, despite his complaints about the district court's credibility choices, Aron does not appear to dispute the district court's finding of probable cause to believe that he had committed a crime while on release.

Under the statute, a finding of probable cause under § 3148(b)(1)(A) carries with it a rebuttable presumption that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. Aron argues that the government is not entitled to rely solely on the existence of the presumption after a defendant has offered evidence to the contrary, but must thereafter offer affirmative evidence that there is no condition or combination of conditions of release that will assure that the defendant will not flee or pose a danger to the safety of any other person or the community. Aron argues that he offered substantial evidence rebutting any presumption that he posed a danger to any person or the community, and contends that the government failed to demonstrate even by a preponderance of the evidence, much less by clear and convincing evidence, that Aron posed a danger to any person or to society.

The district court found that "the defendant's willful and intentional violation of the conditions of his previous release substantiate a finding that he would again violate the orders of the court concerning conditions of his release...." Thus, the district court relied upon § 3148(b)(2)(B) ("the person is unlikely to abide by any condition or combination of conditions of release") rather than upon the presumption that "no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Aron, however, complains that the district court used its credibility choice in favor of Crowell as the sole basis to support its conclusion that Aron will "again violate the orders of the court concerning conditions of his release," and argues that the court's conclusion is not supported by the evidence.

■ The Second Circuit has held, and we agree, that a district court's finding that a defendant will not abide by any conditions of release may be established by a preponderance of the evidence. *Gotti*, 794 F.2d at 778. The district court, at the February 2, 1990 hearing, stated that it would consider the entire record in making its decision. The record includes the transcript of the evidentiary hearing before the magistrate as well as the superceding indictment filed on January 19, 1990, charging Aron with two counts of intimidating Boyce Crowell. The district court found that Crowell was a more credible witness than Aron and concluded that Aron had attempted to intimidate Crowell. The district court's credibility determination is a finding of fact, and we cannot say that the finding is clearly erroneous. We further hold that the district court's finding that

Aron willfully and intentionally violated the conditions of his previous release by attempting to intimidate Crowell is sufficient to support the court's conclusion that Aron would again violate the orders of the court concerning conditions of his release.

## IV

In conclusion, we hold that the district court's detention order is supported by the proceedings below. The district court's order is therefore

AFFIRMED.[1]

## APPENDIX

In the United States Court of Appeals

for the Fifth Circuit

No. 89–4107

United States of America,
Plaintiff–Appellee,

versus

Charlie Glen Cook, Defendant–Appellant.

Appeal from the United States District Court for the Northern District of Mississippi (CRW89–17–B).

(May 31, 1989)

Before CLARK, Chief Judge,
REAVLEY and POLITZ, Circuit Judges.

PER CURIAM: *

Charlie Glen Cook is presently being detained without bail pending trial on 32 drug-related charges, including operation of a continuing criminal drug enterprise. Cook was originally released on $200,000 bond. Cook's bail was revoked, however, and Cook was ordered detained, because of proof that he had threatened a government witness. *See* 18 U.S.C. § 3148. On appeal to this court, Cook seeks revocation of the order of detention on the grounds that proper procedures were not followed and that he was denied the right to confront his accusers. We affirm the order of detention.

On December 16, 1988, a Federal Grand Jury for the Northern District of Mississippi returned a 27–count indictment against Charlie Glen Cook. This initial indictment charged Cook with multiple violations of the Controlled Substances Act. 21 U.S.C. § 841, *et seq.* Three days later, Cook was apprehended in Memphis, Tennessee, and the next day a United States magistrate in Memphis ordered Cook released on $200,-000 bond. The United States did not seek to have Cook detained without bail at the hearing in Memphis.

One month later, Cook voluntarily appeared in federal court in Oxford, Mississippi to be arraigned. At the arraignment, the government sought, for the first time, to revoke Cook's bail and to detain him without bail, pursuant to 18 U.S.C. § 3148, on the grounds that Cook had violated the conditions of his release by threatening a government witness. A hearing was held before a United States magistrate. The threatened witness did not personally appear at the hearing, although her identity was known to the defendant. The government did introduce a handwritten statement from the witness that recited the telephone threat—"What you done to me, you won't make it very far. You better be watching your shadow." Three witnesses, two drug agents and an agent from the criminal division of the Internal Revenue Service, appeared on behalf of the government. These witnesses testified concerning Cook's general reputation as a large-scale drug dealer who was considered dangerous and the availability of Cook's assets that might facilitate his flight. Based on this evidence, the magistrate revoked Cook's bail and ordered him detained pursuant to 18 U.S.C. § 3148, which permits the revocation of bail upon a showing of

1. The appellant has also filed with us an Application for Release Pending Appeal pursuant to Fed.R.App.P. 9(a). For the reasons stated herein, that application is DENIED.

* Local Rule 47.5 provides: "The publication of opinions that have no precedential value and

merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

probable cause to believe that the defendant violated a term of release.

Cook immediately appealed the magistrate's detention order to the district court. Prior to the ruling of the district court, a superseding indictment was returned against Cook. In this new indictment the Grand Jury added several charges, including one count of endeavoring by a threatening communication to influence, obstruct, and impede the due administration of justice in violation of 18 U.S.C. §§ 1503, 3147, and 3623. The district judge accordingly ordered that the parties return to the Mississippi magistrate for re-arraignment and a detention hearing under the superseding indictment. The magistrate orally adopted his prior ruling that Cook be detained, and Cook again sought revocation of the detention order.

The district court affirmed the order of detention, but for reasons different from those recited by the magistrate. Instead of relying on the provisions for the revocation of bail, 18 U.S.C. § 3148, the district court ordered Cook detained pursuant to 18 U.S.C. § 3142. Section 3142 provides for an order for pre-trial detention without bail issued at the first appearance before a federal court. This provision requires that a detention hearing be held in any case, such as Cook's, in which the defendant is charged with an offense under the Controlled Substances Act that carries a maximum term of imprisonment of 10 years or more. 18 U.S.C. § 3142(f)(1)(C). In such cases, there is a rebuttable presumption that the defendant should be detained, unless it can be shown that a condition or combination of conditions of release will reasonably assure the safety of any individual or the community. *Id.* at § 3742(2) [3142(f)(2) ].

On appeal of the order of detention to this court, Cook argues that the detention hearing should have been heard by the United States magistrate sitting in Memphis and that, accordingly, the order issued by the district court in Oxford was rendered improperly. Cook also argues that there was not sufficient evidence to support the detention order. In this regard, Cook argues that his sixth amendment right to be confronted with the witnesses against him in any criminal prosecution prohibits his detention based solely on hearsay testimony.

We have jurisdiction over this appeal pursuant to 18 U.S.C. § 3145(c). *See also* Fed.R.App.Proc. 9(a). We affirm the order of detention on the grounds recited by the United States magistrate; that is, that Cook violated the conditions of his release.

We need not reach Cook's argument that it was error for the magistrate sitting in Mississippi, rather than the magistrate who first presided over his release on bail in Tennessee, to preside over the detention hearing under section 3142 and to issue the order of detention. Section 3142 states that a detention hearing "shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance." In this case, when Cook's detention hearing was held, he was released on a $200,000 bond by the Memphis magistrate. The government now asserts that while out on bail, Cook threatened a government witness. On the basis of this alleged threat, a clear violation of the conditions of Cook's release, the government moved to revoke Cook's bail. Section 3148, which governs revocation of bail, obviously could not require the revocation hearing to be held upon "first appearance." Nor is there any need to hold the hearing in the district in which the defendant is first released on bail. Revocation of bail is not a change of the original order of release. It is a separate proceeding based on new and independent events. The hearing on revocation was thus properly held before the court in the district in which Cook was arraigned and in which he would be tried. The superseding indictment, which added a count for the intimidation of a government witness, did not in any way render section 3148 inapplicable.

We expressly pretermit any ruling with regard to whether the initial proceeding in Memphis was Cook's "first appearance" before a judicial officer within the meaning of

section 3142(f). We note only that the issue is undecided in this circuit. Nor do we rule on the relevance of the superseding indictment in regard to that section. The Seventh Circuit has held that a defendant's "first appearance" for the purposes of section 3142 is not the place or time when the defendant is arrested and initially appears, but rather when and where the defendant is charged. *United States v. Dominquez,* 783 F.2d 702, 704–05 (7th Cir.1986). This circuit's opinion in *United States v. O'Shanghnessy* [*O'Shaughnessy*], 764 F.2d 1035, 1038 (5th Cir.), *vacated as moot,* 772 F.2d 112 (5th Cir.1985), is contrary to this rule, but is no longer precedent in this circuit.

We review the factual basis for the order to revoke Cook's bail and to detain him pending trial under the clearly erroneous standard. *United States v. Gotti,* 794 F.2d 773, 778 (2nd Cir.1986). Our review is further limited by the burden of proof established under 18 U.S.C. § 3148. Revocation of a defendant's bail is required upon a showing of probable cause to believe (1) that a condition of release has been violated, 18 U.S.C. § 3148(b)(1), and (2) that no conditions of release will guard against the potential for flight or dangerousness presented by the defendant, 18 U.S.C. § 3148(b)(2). *Gotti,* 794 F.2d at 777. Section 3142, on the other hand, requires that similar findings be proven by "clear and convincing" evidence. 18 U.S.C. § 3142(f). Under the less stringent requirements for revocation of bail under section 3148, the order of detention is clearly supported.

The district court in reviewing the magistrate's order revoking bail and detaining the defendant found "from the evidence received that [Cook] did intimidate or attempt to intimidate a prospective witness as shown by the affidavit filed herein and the transcript at the magistrate's detention hearing previously held." This finding is clearly broad enough to determine probable cause. "Probable cause" under section 3148(b) "requires only that the facts available to the judicial officer 'warrant a man of reasonable caution in the belief' that the

defendant has committed a crime while on bail." *Gotti,* 794 F.2d at 777 (*quoting Texas v. Brown,* 460 U.S. at 730, 742 [103 S.Ct. at 1535, 1543, 75 L.Ed.2d 502] (1983) (plurality opinion)). The affidavit plus the reputation testimony proffered by the United States establish that the determination of probable cause to believe both components of section 3148(b) was without clear error.

Cook argues that an order of pre-trial detention based solely on hearsay evidence violates his sixth amendment right to cross-examine witnesses against him. The sixth amendment, however, protects the right of cross-examination only in criminal prosecutions. U.S. CONST. amend. VI. The hearing to revoke Cook's bail was not a criminal prosecution. *Gerstein v. Pugh,* 420 U.S. 103, 120–21 [95 S.Ct. 854, 866–67, 43 L.Ed.2d 54] (1975); *United States v. Delker,* 757 F.2d 1390, 1397–98 (3rd Cir.1985). In *Gerstein,* the Court held that "the full panalopy of adversary safeguards—counsel, confrontation, cross-examination, and compulsory process ... are not essential ... [when the issue] is whether there is probable cause for detaining the arrested person pending further proceedings." *Gerstein,* 420 U.S. at 119–20 [95 S.Ct. at 865–66]; *see also Delker,* 757 F.2d at 1397. The inability of the defendant to cross-examine a declarant is relevant to the probative value of the proffered evidence, but the lack of such opportunity does not render the evidence constitutionally infirm. *See Gerstein,* 420 U.S. at 121–22 [95 S.Ct. at 866–67]. The district court in this case considered Cook's inability to cross-examine the threatened witness, but in light of the weight of the evidence concluded that the threat had occurred. Since this conclusion was not clearly erroneous, the detention order is proper.

Cook makes one final argument: that the telephone conversation quoted in the witness's affidavit was not a threat. Cook would have us characterize the following words as mere "harassment" or a "bitter complaint" concerning the witness's testimony: "What you done to me, you won't make it very far. You better be watching your shadow." The lower court's finding

that this statement was a threat is not clearly erroneous.

The order of detention is

AFFIRMED.