**UNITED STATES of America**

v.

**Michael Fitzgerald WILSON.**

**Crim. No. 3:93–CR–0151–H.**

United States District Court,
N.D. Texas,
Dallas Division.

May 6, 1993.

properly classified as wetlands.

Jennifer E. Bolen and Rose L. Romero, Asst. U.S. Attys., Dallas, for plaintiff.

Robert Udashen, Dallas, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court are the government's Appeal and Motion to Stay Magistrate Judge's Order Releasing Defendant, filed April 28, 1993; and Defendant's Response, filed May 3, 1993.

### I. Background

On April 27, 1993, Defendant appeared before a Magistrate Judge for a hearing on the government's Motion to Revoke Bond in cause number 3–92–CR–238–T ("the drug case") and the government's Motion for Detention in cause number 3–93–CR–151–H ("the witness tampering case"). The Magistrate Judge denied both motions and released Defendant on his own recognizance.

However, the Release Order was stayed pending an appeal to this Court. The government filed its appeal the next day, and Defendant filed his response five days later. While this Court's standard of review is *de novo,* 18 U.S.C. § 3145; *United States v. Adipietro,* 773 F.Supp. 1270, 1271 (W.D.Mo. 1991), with the parties' consent, the Court has reviewed the parties' briefs and an audiocassette recording of the hearing that was conducted before the Magistrate Judge without holding another hearing.[1] Based upon these submissions, the Court **VACATES** the Magistrate Judge's decision and **ORDERS** Defendant to be detained pending trial.

## II. Analysis

After hearing the evidence presented by the government and Defendant, the Magistrate Judge held that the government had not met its burden of proof, noting that the statute that allows Defendant to be detained pending trial "requires clear and convincing evidence" that Defendant will flee or pose a danger to the safety of another person or the community.[2] Thus, it appears that the Magistrate Judge applied the "clear and convincing" standard of proof contained in 18 U.S.C. § 3142(f) alone. That standard is applicable to the government's Motion for Detention; however, under 18 U.S.C. § 3148, the government's Motion to Revoke Bond is to be determined under a different standard of proof.

■ Section 3148, which provides for sanctions for violations of a release condition, states in relevant part that:

The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

(1) finds that there is—

(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release ... [and]

(2) finds that—

(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. § 3148(b). The Fifth Circuit has indicated that this statute requires a district court to find "(1) that there was either probable cause that [Defendant] committed a crime while on release *or* clear and convincing evidence that he violated any *other* condition of release, *and* (2) that either no condition or combination of conditions will assure that [Defendant] will not pose a danger to any other person or the community *or* that [Defendant] is unlikely to abide by any condition or combination of conditions o[f] release." *United States v. Aron,* 904 F.2d 221, 224 (5th Cir.1990) (emphasis in original).

■ To satisfy the probable cause requirement, the facts presented by the government must "warrant a man of reasonable caution in the belief that the defendant has committed a crime while on bail." *Id.* (quoting *United States v. Gotti,* 794 F.2d 773, 777 (2d Cir.1986)). Under this standard, the Court concludes that the government has met its burden of proof. The indictment returned in the witness tampering case, coupled with the testimony of Special Agent Walter S. Woosley, satisfies the Court that the government has shown that there is probable cause to believe that Defendant

---

1. The Court has not examined or relied on the government's *in camera* submission.

2. The Magistrate Judge also stated: "There was evidence, but it was not clear and convincing in my view."

committed a Federal felony—tampering with a witness, victim, or informant—while he was on release pending trial in the drug case. *See* 18 U.S.C. § 1512(b)(1). Special Agent Woosley's testimony concerning prospective witnesses Kelvin Webb and Linda Lane is sufficient in itself to support this conclusion. That testimony reveals that Defendant obtained a false affidavit from Webb and threatened Lane's life while on release pending trial in the drug case. The Court concludes that there is probable cause to believe that Defendant committed a Federal felony while on release. 18 U.S.C. § 3148(b)(1)(A).

 Given this showing, a rebuttable presumption arises that no condition or combination of conditions will assure that Defendant will not pose a danger to the safety of any other person or the community. *Aron,* 904 F.2d at 224. In other words, there is a rebuttable presumption that the requirement of § 3148(b)(2)(A) is met because there is probable cause to believe that Defendant already has committed a felony while on release. The burden of production, but not the burden of persuasion, thus shifts to Defendant to show that this conclusion is not warranted. *United States v. Cook,* 880 F.2d 1158, 1162 (10th Cir.1989). Nevertheless, even if Defendant meets the burden of production, the rebuttable presumption of § 3148(b) does not disappear. "[O]nce the burden of production is met, the presumption ... remains as a factor for consideration in the ultimate release or detention determination." *Id.*

 The Court finds that Defendant has failed to adduce sufficient evidence to meet his burden of production. The evidence Defendant presented at the hearing merely called into question Lane's veracity. While Defendant's counsel reported that Defendant has family ties, an operating business, and a good record of reporting to the government when required to, this showing does not rebut the presumption that Defendant is a danger to the safety of another person or the community.

 Even if Defendant's showing is sufficient to overcome Defendant's burden of production, the Court finds that the government has met its burden of persuasion by showing that Defendant should be detained pending trial. The Court notes that the rebuttable presumption that Defendant's continued release poses a danger to the safety of any other person or the community is an appropriate factor that has influenced its decision. *Id.* Other courts have noted that "[t]he concern about safety is to be given a broader construction than the mere danger of physical violence. Safety of the community 'refers to the danger that the defendant might engage in criminal activity to the detriment of the community.'" *Id.* at 1161 (citation to legislative history omitted). Furthermore, Special Agent Woosley's testimony reveals that Webb, Lane, and others have felt intimidated and frightened by Defendant's actions. According to Woosley, these people received hang-up phone calls and "drive by"'s until Defendant was taken into custody last month. Given the government's showing and the effect of the rebuttable presumption of § 3148, the Court concludes that there are no conditions or combinations of conditions that will assure that Defendant will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b)(2)(A).

### III. Conclusion

The Magistrate Judge's Release Order and Order Setting Conditions of Release are **VACATED.** The government's Motion to Revoke Bond in cause number 3–92–CR–238–T is **GRANTED.** The Marshal is **ORDERED** to detain Defendant in custody pending his trial before Judge Maloney in cause number 3–92–CR–238–T.

**SO ORDERED.**