**UNITED STATES of America**

v.

**Thomas MACKIE, Jr.**

**Crim. A. No. 93–485.**

United States District Court,
E.D. Louisiana.

Dec. 22, 1994.

Milton Paul Masinter, Milton P. Masinter, John T. Mulvehill, Federal Public Defender, New Orleans, LA, Michael Seth Fawer, Law Offices of Michael S. Fawer, Dallas, TX, William R. Campbell, Jr., William R. Campbell, Jr., New Orleans, LA, for defendant.

Peter G. Strasser, Asst. U.S. Atty., New Orleans, LA, for the U.S.

*ORDER AND REASONS*

JONES, District Judge.

A hearing was held on Friday, December 16, 1994, on defendant's "Motion and Incorporated Memorandum for Expedited Appeal of Magistrate's Order of Detention." Following the hearing, the Court orally denied defendant's motion. The Court sets forth herein its written reasons for the denial.

Background

Defendant Thomas Mackie Jr. was originally indicted in December 1993 on two counts of mail fraud and two counts of money

---

laundering. At that time, the United States Magistrate Judge set bail at $150,000 cash, property or personal surety bond and also set other conditions of release. The Magistrate Judge initially granted defendant an extension of time within which to perfect his bond and allowed defendant to be released pending perfection of his bond. However, the Magistrate Judge subsequently revoked the extension and ordered defendant remanded to custody.[1] Defendant then gained his release on December 30, 1993, when he perfected bond.

One of the conditions of defendant's release was that he not commit any offense in violation of federal, state or local law while on release in this case.

In early December 1994, defendant was arrested on a warrant following the filing of a criminal complaint alleging defendant committed offenses while on pre-trial release in this matter. At a detention hearing held following his arrest, the Magistrate Judge set a cash, property or surety bond of $300,-000.

On December 8, 1994, defendant was indicted on a superseding indictment containing counts of mail fraud, wire fraud, unlawful financial transactions and money laundering. Count 7 of the superseding indictment alleges that defendant committed an offense from February through August 1994, which is when defendant was on pre-trial release.

After the superseding indictment was issued, defendant filed a "Motion and Incorporated Memorandum to Amend and/or Clarify and Amend Conditions of Bond Release," in which defendant sought to be released on his original $150,000 surety bond. The government opposed this motion and also urged that defendant's bond be revoked because he was a danger to the community.

At a hearing held on December 14, 1994, the Magistrate Judge not only denied defendant's motion but also ordered that each bond previously set be revoked and that defendant be remanded to custody. In his written reasons for his detention order, the Magistrate Judge stated:

The defendant is dangerous as he has been indicted in a superseding indictment for fraud and money laundering which includes a fraud-type offense allegedly committed while the defendant was on bond and was under pretrial supervision on the original indictment. The defendant previously said that he would perfect bond by "hook or crook."

The Magistrate Judge also found orally at the hearing that, based on the indictment, there was probable cause to believe the defendant had committed a crime while on pretrial release.

Defendant then filed the instant motion, for which a *de novo* hearing was held on an expedited basis. At the hearing the defendant did not call any witnesses but simply relied on the argument that the Magistrate Judge's decision was legally incorrect.

### Law and Application

■ This Court reviews the Magistrate Judge's decision to revoke defendant's pretrial release *de novo. See, e.g., United States v. Aron,* 904 F.2d 221, 223 (5th Cir.1990).

Defendant argues that pursuant to 18 U.S.C. § 3142(f), as construed by *United States v. Byrd,* 969 F.2d 106 (5th Cir.1992), the Magistrate's detention order should be overturned. Defendant contends that there has been no showing of a nexus between the non-violent crimes charged in the indictment and the six factors listed in § 3142(f). At oral argument on the present motion, defendant specifically relied on the following language in *Byrd:*

If the defendant breaches a term of release, however, the government may initiate a proceeding to revoke his release. [18 U.S.C.] § 3148. Therefore, notwithstanding our holding today, we caution Dr. Byrd and remind the government, the magistrate judge, and the district court that the provisions of 18 U.S.C. § 3142 do not contemplate finality or res judicata on the issue of pre-trial detention. The magistrate judge or the district court "may at any time amend the order to impose additional or different conditions of release" as provided in § 3142(c)(3). Moreover, "[t]he

---

1. The reasons for this revocation are irrelevant to the current proceeding and are not discussed.

hearing may be reopened at any time before trial, if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure ... the safety of any person and the community" as provided in the last sentence of subsection (f). *Such a reopener would be proper in this case only if the information implicated one of the six circumstances listed in § 3142(f).*

*Id.* at 110 (emphasis added).

This language is inapplicable to the present case because the "reopener" referred to in *Byrd* is pursuant to 18 U.S.C. § 3142(f). The record and the electronic recording of the proceeding before the Magistrate Judge show that he clearly and correctly relied on 18 U.S.C. § 3148 in revoking defendant's bond.[2] Section 3148 provides for revocation and detention after a hearing if the judicial officer makes the following findings:

1) that probable cause exists to believe a person has committed a federal, state or local crime while on release; and

2) that, based on the factors in § 3142(g), there is no set of conditions that will assure a person will not pose a danger to the safety of the community.[3]

Section 3148 does not require reference to the factors in § 3142(f). Indeed, the only factors referenced in § 3148 are those listed in § 3142(g).

■ Further, under § 3148, "a finding of probable cause ... carries with it a rebuttable presumption that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." *Aron,* 904 F.2d at 224. Defendant did not rebut that presumption before the Magistrate Judge.

■ Following a review of the record and the electronic recording of the proceeding

before the Magistrate Judge and having heard the arguments of the parties, the Court agrees with the Magistrate Judge's order to revoke defendant's bonds and remand him to custody. Based upon the superseding indictment, there is probable cause to believe that defendant committed a federal crime while on pre-trial release. Further, at the hearing on the appeal of the Magistrate Judge's revocation order, the defendant again did not rebut the presumption in § 3148, *i.e.,* that no set of conditions under § 3142(g) would assure that defendant would not pose a danger to the safety of the community.

■ The Court also believes that the term "safety of the community" as used in § 3148 refers not only to the mere danger of physical violence but also to the danger that the defendant might engage in criminal activity to the community's detriment. *See United States v. Wilson,* 820 F.Supp. 1031, 1034 (N.D.Tex.1993), quoting *United States v. Cook,* 880 F.2d 1158, 1161 (10th Cir.1989).

Therefore, because probable cause exists that defendant has committed a crime while on pre-trial release in violation of his conditions of release and, further, because no set of conditions would assure that defendant would not pose a danger to the safety of the community, the Court upholds the Magistrate Judge's order to revoke defendant's bonds and remand him to custody.

Finally, at oral argument defendant briefly raised an issue of whether he was accorded due process in not being notified that the government was moving for his detention before the Magistrate Judge. Notwithstanding the fact that the government specifically made this argument at the end of its opposition memorandum to the Magistrate Judge, the defendant did not object on this basis before the Magistrate Judge. Moreover, defendant did not raise this issue in his written pleadings before this Court.

Additionally, at the hearing before this Court, as noted, defendant did not attempt to present any evidence on whether he should

---

**2.** This Court has reviewed not only the written record but also the electronic recording of the proceeding before the Magistrate Judge.

**3.** This is not the exclusive combination of factors under § 3148 that would allow for an order of revocation and detention.

have been allowed to be released on bond after issuance of the superseding indictment.

Accordingly,

**IT IS ORDERED** that defendant's "Motion and Incorporated Memorandum for Expedited Appeal of Magistrate's Order of Detention" **BE** and **IS HEREBY DENIED.**