95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David "Tex" HILL, Defendant-Appellant.
 No. 96-5914.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1996.
 
 Before: WELLFORD, BOGGS, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The defendant was indicted on charges of conspiracy to conduct an illegal gambling business and money laundering. Following his indictment in 1992, the defendant was released on a $100,000 appearance bond. His trial is scheduled to begin on October 1, 1996. The defendant is before the court seeking review of the June 10, 1996, order revoking his bond and ordering him detained pending trial, the June 13, 1996, order denying his motion to revoke the detention order, the June 17, 1996, order granting additional conditions of release, and the June 27, 1996, order denying his motion to modify the conditions of release.
 
 
 2
 Initially, the government argues that the court only has jurisdiction to review the June 27 order because the defendant's notice of appeal was not filed until June 28, 1996. Rule 4(b) requires that a notice of appeal in a criminal action be filed within ten days of the order appealed from. However, a timely motion to modify or amend an order generally tolls the time for filing a notice of appeal. Because the defendant moved to revoke or modify the district court orders within ten days of their entry, the notice of appeal is timely with respect to each order. However, review of the June 10 detention order and the June 13 order denying revocation of the detention order is unnecessary because the June 17 order revokes the order of detention and grants additional conditions of release. Thus, our review is limited to the June 17 release order and the June 27 order denying modification of the conditions of release.
 
 
 3
 At a hearing held on June 7, 1996, the district court found that there was probable cause to believe that the defendant had committed three aggravated assaults and thus violated a condition of his release. A person found to have violated a condition of pretrial release "is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). The statute provides that the government may move for revocation of release and a "judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release...." 18 U.S.C. § 3148(b). The court is required to enter an order of revocation and detention if, after a hearing, the court finds probable cause to believe the person committed a crime while on release and finds, based on the factors set forth in section 3142(g), "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community" or finds that the person "is unlikely to abide by any conditions or combination of conditions of release." 18 U.S.C. § 3148(b)(1) & (2).
 
 
 4
 To find probable cause, the evidence must " 'warrant a man of reasonable caution in the belief' that the defendant has committed a crime while on bail." United States v. Gotti, 794 F.2d 773, 777 (2d Cir.1986), quoting Texas v. Brown, 460 U.S. 730, 742 (1983); see also United States v. Aron, 904 F.2d 221 (5th Cir.1990); United States v. Cook, 880 F.2d 1158, 1160 (10th Cir.1989). We concur with the finding of probable cause in this case.
 
 
 5
 If the court finds probable cause that the defendant committed a crime while on release, "a rebuttable presumption arises that no condition or combinations will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b). Once the presumption is implicated, "it is incumbent on the defendant to come forward with some evidence to rebut the presumption." United States v. Cook, 880 F.2d at 1162. Moreover, even if the defendant comes forward with evidence to rebut the presumption, "the presumption does not disappear, but remains a factor for consideration in the ultimate release or detention determination." United States v. Cook, 880 F.2d at 1162; see also United States v. Wilson, 820 F.Supp. 1031, 1034 (N.D.Tex.1993). If the defendant successfully rebuts the § 3148 presumption, then the court must look to § 3142 to determine if conditions of release are appropriate. See 18 U.S.C. § 3148(b) ("If the judicial officer finds there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly").
 
 
 6
 Upon review of the briefs of the parties and the record before the court, we conclude that the district did not err in setting additional conditions of release or in denying the defendant's motion to modify those conditions. The court applied the appropriate law and considered the relevant factors. We find no abuse of discretion. However, if the defendant can demonstrate that home confinement precludes his operation of legitimate businesses, he may seek amendment of the terms of release in the district court.
 
 
 7
 It therefore is ORDERED that the district court's June 17 and June 27 orders are affirmed.