**Filed 10/28/96**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PETER T. BUFFO,

Defendant-Appellant.

No. 96-4135
(D.C. No. 95-CR-208S)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before EBEL, LUCERO, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This appeal is taken from an order of the district court establishing conditions of pretrial release for defendant following the government's motion to revoke release.

Defendant was initially released on a personal recognizance bond in November of 1995. In May of 1996, after a superseding indictment was handed down, the government moved to revoke defendant's bond and order him detained on the ground there was probable cause to believe that defendant had committed a crime while on bond.

The magistrate judge conducted an extensive hearing, after which he ordered defendant's detention. Defendant then sought review by the district court, which directed defendant's release on certain specified conditions. Defendant then filed a motion to clarify and modify the conditions. Following further review, the district court entered an order amending the release conditions.

Defendant objects to the conditions of release, arguing that the district court erred both in determining there was probable cause to believe defendant had committed a crime while on bond and in imposing more than the "least restrictive" conditions necessary to reasonably ensure the safety of the community as outlined in 18 U.S.C. § 3142(b)(B).

Probable cause as used in 18 U.S.C. § 3148(b)(1)(A) requires only that the facts available to the judicial officer warrant a man of reasonable caution in the belief that the defendant has committed a crime while on bail. United States v. Cook, 880 F.2d 1158, 1160 (10th Cir. 1989)(internal citations and quotations omitted); United States v. Aron, 904 F.2d 221, 224 (5th Cir. 1990)(same). The evidence presented to the magistrate judge and reviewed by the district court was sufficient to establish probable cause.

The district court also carefully considered and reconsidered specific conditions of release based on an individualized evaluation of this defendant. Should the need arise, defendant can apply to the district court for further amendment of these conditions. See 18 U.S.C. § 3142(c)(3)(judicial officer may at any time amend release order to impose additional or different conditions).

Appellate review of detention or release orders is plenary as to mixed question of law and fact and independent, with due deference to the district court's purely factual findings. United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991). See also United States v. Traitz, 807 F.2d 322, 325 (3d Cir. 1986). The district court is in a far better position to determine the release conditions suitable to this individual defendant as a factual matter than is this court. See United States v. Tortora, 922 F.2d 880, 884 (1st Cir. 1990)("[w]hile we could, of course, modify the stated conditions if, on the record before us, there

were minor, self-evident adjustments that would make the release conditions adequate, an appellate tribunal is at a considerable disadvantage.").

We have reviewed the district court's order and determine there is no basis for defendant's claims of error.  The district court's order amending the conditions of release is AFFIRMED.

The mandate shall issue forthwith.


          ENTERED FOR THE COURT
          PER CURIAM