United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60903
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL S. MINOR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CR-120-1
--------------------

Before King, Higginbotham, and GARZA, Circuit Judges.

PER CURIAM:[*]

Appellant Paul S. Minor, an attorney at law, is being detained without bail pending trial on charges generally alleging that he conspired with and bribed two Mississippi state-court judges. Minor was originally released on $10,000 personal recognizance bond. However, Minor's release was revoked and he was ordered detained, based on the district court's findings that he had violated the terms and conditions of his pretrial release by unauthorizedly being out of range of his electronic monitoring equipment. The court found further that Minor is unlikely to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abide by any condition or conditions of release and that no condition or conditions of release will assure that Minor will not pose a danger to the community.  Minor appeals and we affirm the detention order.

On appeal, "[t]he district court's detention order must be sustained if it is supported by the proceedings below."  United States v. Aron, 904 F.2d 221, 223 (5th Cir. 1990)(citations and quotation marks omitted).  This is "a narrow standard of review that we have equated to the abuse of discretion standard." United States v. Barker, 876 F.2d 475, 476 (5th Cir. 1989)(citations and quotation marks omitted).  "This court reviews the factual basis for the order revoking release under the clearly erroneous standard."  Aron, 904 F.2d at 223.

Minor contends that the district court abused its discretion by concluding that he was unlikely to abide by any condition or combination of conditions of release as provided by 18 U.S.C. § 3148(b), based on two instances of being out of range of his electronic monitor.  He argues that the court should have considered the intermediate remedy of criminal contempt.

The statute provides that a "judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer" (1) finds, by clear and convincing evidence, that a defendant violated a condition of release (other than a new violation of federal, state, or local law) and (2) finds that the defendant "is unlikely to abide by any condition or

combination of conditions of release."  18 U.S.C. § 3148(b).
"[A] district court's finding that a defendant will not abide by any conditions of release may be established by a preponderance of the evidence."  Aron, 904 F.2d at 224.

The statute clearly provides that these findings alone are sufficient to justify revocation and detention; a court need not also find that the defendant will flee or pose a danger to the community.  See 18 U.S.C. § 3148(b)(setting out required findings in the disjunctive; see also Aron, 904 F.2d at 224 (noting that the district court had relied on a finding that the defendant was unlikely to abide by conditions of release, "rather than upon the presumption that" he would pose a danger to the community).

The district court previously found that Minor presented a danger to the community based on his alcohol abuse.  There is evidence that supports the district court's finding that after lengthy inpatient treatment, Minor defied and tested the court's conditions of pretrial release, which had been tailored to protect the public and to prevent him from abusing alcohol.  Minor's unauthorized September 5, 2006, meeting with a hurricane expert at a restaurant serving alcohol not only raised issues concerning his substance abuse problems, it also showed his deception of the court and his disregard of the order of August 24, which states that there were to be no exceptions to the electronic monitoring unless ordered by the court.

Minor knew and understood how to seek the court's approval to leave his residence, as he had twice successfully asked the court to allow him to attend medical appointments with his wife. Both times, Minor submitted his request in writing and was later informed that the court had granted the request. Minor himself testified that he knew that the court's failure to act on a request operated as a de facto denial of that request.

Thus the record adequately supports the district court's conclusion that Minor violated his conditions of release and would be unlikely to abide by any condition or combination of conditions of release. Therefore, under 18 U.S.C. § 3148(b), the court did not abuse its discretion in revoking Minor's pretrial release and remanding him to custody.

Such a result is indicated by § 3148(b), contrary to Minor's suggestion that the matter could have been handled as one of criminal contempt, pursuant to § 3148(c). Section 3148(c) provides only that a "judicial officer may commence a prosecution for contempt, under [18 U.S.C. 401] if the person has violated a condition of release." It does not advert to the situation in which a defendant is found to be unlikely to abide by any condition or conditions of release.

AFFIRMED.