# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10645
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THEODORE E. OKECHUKU,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-481-1

Before DENNIS, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

Theodore E. Okechuku is charged with conspiracy to unlawfully distribute and dispense hydrocodone outside the scope of professional practice and not with a legitimate medical purpose in violation of 21 U.S.C. § 846. Because the magistrate judge found there was probable cause to believe that Okechuku continued to illegally dispense hydrocodone while on pretrial release, his pretrial release was revoked and he was ordered detained. *See* 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10645

U.S.C. § 3148(b).  The district court denied Okechuku's motion to revoke the magistrate judge's detention order.  *See* 18 U.S.C. § 3145(b).  Okechuku's second motion for reconsideration was denied after a hearing by the magistrate judge, and his third motion for reconsideration was denied by the district court because Okechuku noted no new evidence or change in circumstances that had not previously been considered by the court.

Okechuku appeals the denial of his third motion for reconsideration.  He argues that because he can no longer practice medicine or write prescriptions, he no longer poses a danger to the community.  He disagrees with the magistrate judge's finding that, given the fact that he previously violated the release conditions set by the court, he is unlikely to abide by any condition or combination of conditions for release.  *See* § 3148(b).  He also argues that the district court failed to reevaluate the factors for release listed in 18 U.S.C. § 3142(g) before denying his motion.

After reviewing the record, we have determined that the district court's denial of Okechuku's third motion for reconsideration is supported by the proceedings below and the factual basis of the decision is not clearly erroneous. *See United States v. Aron*, 904 F.2d 221, 223, 224-25 (5th Cir. 1990).  Moreover, given the finding that Okechuku was unlikely to abide by any condition or combination of conditions for release, *see* § 3148(b)(2)(B), it was not necessary for the district court to reevaluate the § 3142(g) factors for release before denying Okechuku's motion.  The district court's denial of Okechuku's third motion for reconsideration is AFFIRMED.