# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10591

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

TARYN E. STUART,

> Defendant - Appellant

Appeal from the United States District Court
Northern District of Texas, Dallas
USDC 3:17-CR-103-14

Before STEWART, Chief Judge, and JONES and OWEN, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Taryn E. Stuart has filed an interlocutory appeal with this court seeking to reverse the district court's order denying her motion to revoke the magistrate judge's detention order, which revoked her release pending sentencing. Because we conclude that the district court did not abuse its discretion in denying Stuart's motion, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10591

## I. Factual & Procedural Background

From approximately July 2012 to September 2015, Stuart worked as a Licensed Vocational Nurse for Novus,[1] an approved hospice service agency in the Medicare and Medicaid systems. On February 23, 2017, Stuart and numerous others were indicted on fifteen counts of health care fraud and unlawful distribution of controlled substances. Stuart was individually indicted on one count of conspiring to commit health care fraud[2] and one count of unlawful distribution of a controlled substance[3] and aiding and abetting. The essence of the scheme was to over-bill Medicare and Medicaid by submitting fraudulent claims for hospice services. The stipulated facts section in Stuart's presentence investigation report describes a particularly ominous part of the scheme wherein Stuart and others administered high doses of Schedule II controlled medications to hospice patients, whether they needed the medications or not, to ensure that their medical records contained documentation that would justify billing Medicare at the higher "continuous care" billing rate. This aggressive medication practice resulted in the death of numerous hospice patients.

Stuart was arrested and made her initial appearance on February 28, 2017 but she was released on her personal recognizance with pretrial supervision after being advised in writing of the conditions of her pretrial release. The conditions of Stuart's release required that she, *inter alia*, not use or unlawfully possess a narcotic drug or other controlled substance as defined in 21 U.S.C. § 802, unless such was prescribed to her, and that she submit to testing for a prohibited substance if required to do so by the pretrial services office or a supervising officer. Stuart signed a form in which she acknowledged

---

[1] Novus is comprised of Novus Health Services and Optim Health Services.

[2] 18 U.S.C. §§ 1347, 1349.

[3] 21 U.S.C. § 841(a)(1), (b)(1)(C); 18 U.S.C. § 2.

No. 19-10591

that violating any of the conditions of her release may result in a revocation of her release and an order of detention.

On June 26, 2018, Stuart pled guilty before a magistrate judge, pursuant to a plea agreement, to conspiring to commit health care fraud, as charged in Count 1 of the indictment. The district court accepted the guilty plea and adjudged Stuart guilty. The district court also adopted the magistrate judge's findings that Stuart was "not likely to flee or pose a danger to any other person or the community if released and should therefore be released." Stuart's sentencing is currently set for December 6, 2019.

On April 10, 2019, the probation officer filed a report of Stuart's violation of the conditions of her pretrial release. The probation officer alleged that, on March 25, 2019, Stuart had submitted a urine specimen that tested positive for hydrocodone and hydromorphone. Stuart submitted another urine specimen the following day that also tested positive for hydrocodone and hydromorphone. Based on the violation report, the magistrate judge summoned Stuart to appear at a hearing on April 24, 2019.

Stuart pled true to the allegation that she had violated the conditions of her release, but she argued that she should be allowed to remain on release pending her sentencing because she had been experiencing back pain she "took a hydrocodone that belonged to a family member to deal with those pain issues." She pointed out that prior to this incident, she had complied with the terms of her release for over two years. The government stated that it would "defer to the Court and the advice of Probation on whether [Stuart] should be detained."

The magistrate judge determined that, based on Stuart's admission, there was clear and convincing evidence that she had violated the conditions of her release by using a controlled substance without a valid prescription. The magistrate judge acknowledged that Stuart had complied with the conditions

of her release for two years and that she had "some physical issues." The magistrate judge further observed, however, that Stuart had made a "conscious choice" to use a controlled substance that had not been prescribed to her, and that she had done so knowing "the consequences of not following" the conditions of her release. Reiterating that Stuart had knowingly violated the conditions of her release, the magistrate judge concluded that Stuart was "unlikely to abide by any condition or combination of conditions of release" and revoked her release.

Stuart then moved the district court, pursuant to 18 U.S.C. § 3145(b), for revocation or amendment of the detention order issued by the magistrate judge.  The district court denied Stuart's motion, explaining that "there is clear and convincing evidence that [Stuart] violated her conditions of release under § 3148(b)(1)(B), and that [Stuart] is unlikely to abide by any condition or combination of conditions of release under § 3148(b)(2)(B)." Stuart filed this interlocutory appeal from the district court's order denying her motion to revoke the magistrate judge's order of pretrial detention.

## II. Standard of Review

"Absent an error of law," this court will uphold a district court's pretrial detention order "if it is supported by the proceedings below, a deferential standard of review that this court equates to an abuse of discretion standard." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) (internal quotation marks and citations omitted). "The same standard applies to a determination in response to a motion to revoke a detention order, pursuant to 18 U.S.C. § 3145(b)." *Id*.  The factual basis of the decision is reviewed under the clearly erroneous standard. *See United States v. Aron*, 904 F.2d 221, 223 (5th Cir. 1990).

### III. Discussion

Pursuant to § 3142, a judicial officer shall order the release of a defendant pending trial subject to certain required conditions and "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *See* 18 U.S.C. §§ 3142(c)(A)-(B).  Such conditions may include a requirement that the defendant "refrain from . . . any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a prescription by a licensed medical practitioner." *Id.* § 3142(c)(B)(ix). However, "[a] person who has been released under section 3142 . . . and who has violated a condition of [her] release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." *Id.* § 3148(a).  Pursuant to § 3148(b), "[t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is . . . clear and convincing evidence that the person has violated any other condition of release" and that "the person is unlikely to abide by any condition or combination of conditions of release." *Id.* § 3148(b). "[A] district court's finding that a defendant will not abide by any conditions of release may be established by a preponderance of the evidence." *Aron*, 904 F.2d at 224.

In support of her argument that this court should reverse the district court's order denying her motion to revoke the detention order, Stuart states that she is a single mother to a teenage daughter who routinely works long shifts and is on her feet most of the day. She avers that she has had chronic "back issues" for many years. She claims that, apart from this single violation, she has abided by the terms of her pretrial release while she awaits sentencing later this year. She argues that the district court's determination that it is

unlikely that she would abide by any conditions of release, *see* § 3148(b)(2)(B), is an abuse of discretion. We disagree.

At Stuart's detention hearing, her counsel was given an opportunity to argue that Stuart should be given another chance to abide by the conditions of her pretrial release. Although the magistrate judge commended Stuart for her honesty, she was not persuaded by her arguments. The magistrate judge explained:

> I understand that you've been complying with your condition for two years. I understand that you have some physical issues. But when it comes down to it, this is the same violation that I just had. It was a use of a controlled substance that was not prescribed for you, a very addictive one, and it was a choice. In fact, that almost makes it worse, because it's not a matter of addiction or disease. It was a conscious choice. And while you may have thought that that was your only choice or your best choice at the time, nevertheless, it was a choice. And I think I was very clear on the consequences of not following those conditions, and to not follow through with that would be to treat you differently from other people in your same situation who appear before me under these circumstances. So I can't find that you're going to start following your conditions now. You've violated your conditions knowingly. So, for that reason, I am revoking your conditions of release[.]

Likewise, in affirming the detention order, the district court reasoned:

> When [Stuart] was placed on supervised pretrial release on February 28, 2017, [Stuart] signed the Order setting her conditions, acknowledging her understanding of the conditions and of the penalties for not complying with the conditions . . . Still, [Stuart] used a controlled substance for which she did not have a prescription. Because [Stuart] violated the conditions of her release even though she understood the consequences of doing so, the Court finds that she

is unlikely to comply with the conditions or any
amended conditions in the future.

As the magistrate judge aptly observed, Stuart's violation of her pretrial release conditions was no different from many of her admitted violations forming the factual predicate of her guilty plea offense—her unauthorized use of a controlled substance. That she is a single mother of a teenage daughter should have motivated her to abide by the conditions of her pretrial release, rather than, as she argues on appeal, constitute a reason for the district court to overlook her noncompliance. The district court did not abuse its discretion in denying Stuart's motion to revoke her detention order. *See Hare*, 873 F.2d at 798.

## IV. Conclusion

The district court's order denying Stuart's motion for revocation of her detention order is AFFIRMED.