# United States Court of Appeals for the Fifth Circuit

---

No. 23-20581
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Cyrus Kourosh Boujabadi,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CR-430-1

---

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Cyrus Kourosh Boujabadi was charged with twenty-six counts of various drug and money-laundering offenses. He appeals the district court's order of detention pending trial, currently scheduled for April 22, 2024.

Boujabadi contends that the Government's decision to oppose pretrial release was vindictive because he exercised his Fifth Amendment right to refuse to provide the passcode to his smartphone. He adds that he presented

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

a comprehensive pretrial-release plan that would have reasonably assured the safety of the community and his appearance at trial.

"Absent an error of law," we will uphold a district court's pretrial detention order "if it is supported by the proceedings below," a deferential standard of review that we have previously analogized to an abuse-of-discretion standard. *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992) (internal quotation marks and citation omitted). We assess whether "the evidence as a whole supports the conclusions of the proceedings below," *id.*, and review fact findings for clear error, *United States v. Aron*, 904 F.2d 221, 223 (5th Cir. 1990).

Reviewing the record as a whole under this deferential standard of review, we conclude that Boujabadi is not entitled to relief. The district court's detention decision is specifically grounded in the § 3142(g) factors, and there is ample evidence in the record to support its conclusions for each of them. The district court noted, for example, that Boujabadi employed multiple people to assist him in his drug-trafficking operation; that he attempted to flee when law enforcement executed a search warrant on his apartment; that drug trafficking was his sole source of income; that his drug-trafficking offenses occurred while he was on community supervision pursuant to a state-court order resulting from family violence; that he used a straw purchaser to buy additional firearms while on community supervision; that he laundered money while out on a bond for a state drug offense; that he had made multiple trips out of the country in the past; that he had previously stolen someone's identity; that he had attempted to intimidate a government witness; and that he was afraid of prison. All this evidence (and more) suffices to support the district court's conclusion that no condition or combination of conditions would reasonably assure Boujabadi's appearance at trial if he were released beforehand. *See* 18 U.S.C. § 3142(e).

No. 23-20581

We also see nothing in the district court's analysis suggesting that the denial of release pending trial punishes Boujabadi for the exercise of a constitutional right. He cites no binding authority for this contention, and the precedential authority he does cite addresses circumstances solely within the prosecution's discretion, not ultimately within the district court's. *See, e.g.,* *Wade v. United States*, 504 U.S. 181, 185 (1992) (substantial-assistance motions); *United States v. Goodwin*, 457 U.S. 368, 375–82 (1982) (modifying charges).[1] Further, we cannot say that the district court abused its discretion by concluding that the psychiatric evidence and the proposed conditions fail to rebut the presumption against release.

The district court's order of detention pending trial is accordingly

AFFIRMED.

---

[1] In its response to Boujabadi's relatively robust argument under the Fifth Amendment, which he raised below and which now spans almost his entire argument in his memorandum in support of pretrial release, the government counters with just a few citationless paragraphs, much of which repeat what was already recounted in prior sections of its response. We have no independent obligation to look for reasons why the authority Boujabadi cites is distinguishable, *see United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020), but we are likewise under no obligation to accept legal assertions as correct merely because they are insufficiently rebutted, *see Texas Democratic Party v. Abbott*, 798 F.3d 168, 177–78 (5th Cir. 2020).