UNITED STATES of America, Plaintiff–Appellant,

v.

Reginald J. HOLZER, Defendant–Appellee.

No. 88–1996.

United States Court of Appeals, Seventh Circuit.

Submitted May 27, 1988.

Decided June 10, 1988.

---

Howard M. Pearl, Asst. U.S. Atty. (Anton R. Valukas, U.S. Atty.), Chicago, Ill., for plaintiff-appellant.

Edward Foote, Winston & Strawn, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, POSNER and EASTERBROOK, Circuit Judges.

POSNER, Circuit Judge.

The government appeals from an order by Judge Marshall admitting the defendant Holzer to bail until sentencing. The appeal raises novel and interesting questions under the Bail Reform Act, so we have decided to answer them in a published opinion.

In May 1986 Judge Marshall sentenced Holzer, following his convictions for mail fraud, extortion, and racketeering, to five years in prison for mail fraud and to eighteen years in prison for extortion and eighteen years for racketeering, all the sentences to run concurrently. While Holzer's petition for certiorari to review our decision affirming the judgment was pending before the Supreme Court, the Court decided *United States v. McNally*, — U.S. —, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), holding that the "intangible rights" theory of mail fraud, under which Holzer as well as McNally had been convicted, was invalid— whereupon Judge Marshall ordered Holzer released on bail pending action on his petition for certiorari. We reversed this order in an unpublished opinion, in which—foreseeing that the Supreme Court would remand the case to us for reconsideration in light of *McNally* and that we would vacate the mail-fraud conviction but uphold the conviction for extortion—we explained that Holzer had no reasonable prospect of being released from prison in the near future and therefore no meritorious claim to release pending appeal.

The Supreme Court did remand the case for reconsideration in light of *McNally*, we did vacate the mail fraud conviction and direct that Holzer be acquitted of mail fraud, we did uphold the extortion conviction, we vacated the sentence for extortion in accordance with what has become our customary practice of remanding for resentencing whenever a concurrent sentence is thrown out (see, e.g., *United States v. Manzella*, 791 F.2d 1263, 1270 (7th Cir. 1986)), and finally we vacated Holzer's conviction of racketeering with leave to the government to retry him on the racketeering charges if it wished. *United States v. Holzer*, 840 F.2d 1343 (7th Cir.1988). Again Holzer petitioned for certiorari, and again Judge Marshall ordered Holzer admitted to bail. He acted under two provisions of the Bail Reform Act. The first, 18 U.S.C. § 3142(b), directs the "pretrial release" of persons charged with offenses (see also §§ 3142(a), (c)); Judge Marshall thought this provision applicable because the government may decide to retry Holzer for racketeering. The second provision, 18 U.S.C. § 3143(a), provides that the judge (or other judicial officer) "shall order that a person who has been found guilty of an offense and who is waiting imposition or execution of sentence, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released"—findings that Judge Marshall made and the government does not challenge. Judge Marshall made clear that he would not resentence Holzer on the extortion counts (1) unless and until the Supreme Court denied Holzer's petition for certiorari to review our decision on reconsideration and (2) until the government decided whether to retry Holzer for racketeering—if it does, the judge will wait until that trial ends before resentencing him. Until these things happen Holzer is to remain free even though we upheld his conviction for extortion and remanded for resentencing merely on the off-chance that the vacation of the concurrent sentences might induce Judge Marshall to give Holzer a slightly shorter sentence for extortion.

We believe that neither provision relied on by Judge Marshall is applicable; nor do we agree that significant changed circumstances since our last order reversing his grant of bail to Holzer warranted the judge in disregarding the reasoning in that order.

Section 3142 has reference to persons not yet convicted, which hardly describes Holzer. Although he has not yet been convicted of racketeering, he has been convicted of extortion, and a person awaiting sentencing or resentencing is not within the purview of this section.

Section 3143(a) presents a more difficult question, but we think the section has reference to the situation where a defendant is awaiting sentencing the first time, and does not apply where the defendant is awaiting resentencing not because there was an infirmity in the original sentence but because the vacation of a concurrent sentence might lead the sentencing judge to reconsider a sentence not vacated. We used to just affirm a concurrent sentence if the defendant had been validly convicted, rather than remand on the off-chance that the judge might reduce the sentence once he realized that the other convictions for which he had imposed concurrent sentences on this defendant were invalid. (Some circuits continued to follow this practice, see *United States v. Gallo*, 763 F.2d 1504, 1532 (6th Cir.1985); *United States v. Ray*, 731 F.2d 1361, 1368 (9th Cir.1984), until the abolition of the concurrent-sentence doctrine, see *Ray v. United States*, —— U.S. ——, 107 S.Ct. 2093, 95 L.Ed.2d 693 (1987) (per curiam).) Following affirmance the defendant could of course petition the district court to reduce sentence under Fed.R. Crim.P. 35(b) (an option severely constricted, however, by the most recent amendments to that rule). Our current practice is to remand for resentencing, but the difference between this and the former practice is, at least so far as the issues in the present case are concerned, technical rather than substantial—as shown by Judge Friendly's formulation in *United States v. Ivic*, 700 F.2d 51, 68 (2d Cir.1983): "We thus vacate the sentences on these counts and remand to enable the district judge to reconsider them if he is so advised"—and ought not cause the release for an indefinite period of a criminal defendant properly convicted and sentenced.

The reason for not imprisoning a convicted defendant (unless he is likely to flee or is a public menace) before he is sentenced is that the sentence may not be a sentence of imprisonment, or may be a sentence for a shorter period of imprisonment than the interval between conviction and sentencing; or that the defendant needs some time to get his affairs in order, see S.Rep. No. 225, 98th Cong., 2d Sess. 26 (1984), U.S.Code Cong. & Admin.News 1984, p. 3182. The reason has no application to a case where the defendant's conviction for extortion has been upheld and a sentence of eighteen years remanded solely to give the judge a chance to consider a possible, though doubtless modest, reduction because the court of appeals has vacated a concurrent sentence. It is not within the realm of realistically foreseeable circumstances that Judge Marshall on remand will reduce Holzer's sentence from eighteen years to eighteen months (the time he has served already); but only if he would, would bail pending resentencing serve the purposes of the statute.

Granted, a rule (especially a statutory rule) and its rationale are not always perfectly coextensive; we assume that section 3143(a) applies even to cases where the defendant is convicted under a statute (and there are an increasing number of such statutes) in which imprisonment, sometimes for a substantial minimum term of years, is mandatory, though in such a case the defendant is quite likely to be ineligible for bail for other reasons—danger to the community or danger of becoming a fugitive. But we do not think that section 3143(a) applies to a case in which the remand is functionally for the purpose of reconsideration of a valid sentence already imposed, not for the purpose of imposing a sentence de novo.

Even if our analysis of section 3143(a) is incorrect, the stay issued by Judge Marshall could not be sustained. In a case such as this, the statute would justify at most a stay of 30 or 60 days; no greater interval should be necessary for resentencing Holzer on the extortion counts. To admit Holzer to bail pending his retrial on racketeering charges would be an abuse of section 3142, and to admit him to bail pending the Supreme Court's action on his lat-

est petition for certiorari would be proper only if the condition (regarding the substantiality of the issue presented by the petition) in section 3143(b)(2) were satisfied, which it plainly is not—a judgment confirmed by the fact that, shortly after this opinion was drafted, we learned that the Supreme Court had denied the petition for certiorari. *Holzer v. United States,* —— U.S. ——, 108 S.Ct. 1054, 98 L.Ed.2d 1016 (1988).

The order admitting defendant Holzer to bail is

REVERSED.