UNITED STATES of America,

v.

Andor PFEIFFER, Defendant.

No. CR 93–233 (JBW).

United States District Court,
E.D. New York.

May 9, 1995.

Zachary W. Carter, U.S. Atty. by Robert J. Cleary, Marguerite A. Cleary, Brooklyn, NY, for U.S.

Hayden, Perle & Silber by Michael Perle, Weehawken, NJ, for defendant.

## MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge.

The defendant was convicted of tax evasion. He was sentenced to 24 months in prison. The court of appeals affirmed the conviction but vacated the sentence. It remanded for resentencing. *See United States v. Pfeiffer*, No. 94–1331, at 4, 50 F.3d 3 (2d Cir. Feb. 23, 1995) (unpublished).

While awaiting resentencing, the defendant filed a number of motions, including a motion for a new trial. The court scheduled oral arguments on these motions, as well as a *Fatico* hearing at which evidence relevant to the new sentence would be considered. The defendant remained free on bail.

At the outset of the resentencing proceedings, the government moved to revoke bail under 18 U.S.C. § 3143(b). The defendant opposed the motion, arguing that the applicable provision was 18 U.S.C. § 3143(a). Which provision to apply to a defendant awaiting resentencing appears to be a question of first impression in this circuit.

### A. Statutory language

Section 3143 of Title 18, United States Code—part of the Bail Reform Act of 1984—governs the release or detention of a person pending sentence or appeal. Its first subsection, 18 U.S.C. § 3143(a), applies to "a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence." Such a person may not be detained if the court finds that he poses no danger to the community and is not likely to flee. *Id.*

The next subsection, 18 U.S.C. § 3143(b), applies to "a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari." Such a person may not be detained if the court finds, first, that the person poses no danger and is not likely to flee (i.e., the test of § 3143(a)), and, additionally, "that the appeal is not for the purpose of delay and raises a substantial question of fact or law likely to result in [reversal, a new trial, or a reduced sentence]." *Id.*

In arguing that § 3143(b) applies—and, therefore, that the court must consider the merits of the post-sentencing proceedings—the government points out that the defendant

has been found guilty and sentenced. In contrast, the defendant argues that § 3143(a) applies because he is awaiting sentence. Both are right on the facts, since the defendant has been sentenced and is awaiting sentence.

### B. Non-controlling caselaw

In support of its interpretation, the government cites *United States v. Holzer*, 848 F.2d 822 (7th Cir.1988), *cert. denied*, 488 U.S. 928, 109 S.Ct. 315, 102 L.Ed.2d 333 (1988). *Holzer* is the only published opinion that explicitly addresses the question of whether § 3143(a) or (b) applies to a defendant awaiting resentencing after remand. *Cf. United States v. Watkins*, 994 F.2d 1192, 1196 n. 7 (6th Cir.1993) (implying, but not stating, that § 3143(a) applies before resentence); *United States v. Miller*, No. 90–1554, 1990 WL 75177, *1, 1990 U.S.App. LEXIS 9342, at *1 (6th Cir. June 7, 1990) (same).

In *Holzer*, the defendant was convicted of mail fraud and extortion and began serving his sentence. On appeal, his mail fraud conviction was affirmed and his extortion conviction was reversed. The court of appeals then vacated the mail fraud sentence—18 years in prison—"merely on the off-chance that the vacation of the concurrent sentences [for mail fraud] might induce [the trial judge] to give Holzer a slightly shorter sentence for extortion." *Holzer*, 848 F.2d at 823.

The trial judge released the defendant on bail pending resentencing. Reversing, the court of appeals rehearsed the purposes of bail, *see id.* at 824, none of which, it determined, would be served by releasing the defendant pending a "slight[ ]" adjustment in his sentence. "It is not within the realm of realistically foreseeable circumstances that [the trial court] on remand will reduce Holzer's sentence from eighteen years to eighteen months (the time he has served already); but only if he would, would bail pending resentencing serve the purposes of the statute." *Id.* For this reason, the court concluded, the more demanding standard of § 3143(b) should be applied. *Id.* at 825.

In reaching this conclusion, the court of appeals for the Seventh Circuit focused on its desired result—continued incarceration—rather than the on language of the statute. It observed: "[A] rule (especially a statutory rule) and its rationale are not always perfectly coextensive." *Id.* at 824. On the basis of this truism, it chose its view of the rationale over the rule. It concluded: "[W]e do not think that section 3143(a) applies to a case in which the remand is functionally for the purpose of reconsideration of a valid sentence already imposed, not for the purpose of imposing a sentence de novo." *Id.*

In *Pfeiffer*, the purpose of the remand is, precisely, "imposing a sentence de novo." Moreover, unlike Holzer, Pfeiffer has not begun to serve his sentence.

### C. Controlling caselaw

The rule established in the Second Circuit is that a person whose sentence has been vacated stands before the court as if he had not been sentenced. *See United States v. Maldonado*, 996 F.2d 598, 599 (2d Cir.1993) ("[W]hen a sentence has been vacated, the defendant is placed in the same position as if he had never been sentenced."); *United States v. Ekhator*, 853 F.Supp. 630, 633–36 (E.D.N.Y.1994) (discussing remand instructions available to court of appeals, and their meanings); *United States v. Ekwunoh*, No. 91–CR–684, 1994 WL 702035, at *3, 1994 U.S. Dist. LEXIS 17948, at *5 (E.D.N.Y. Dec. 9, 1994) ("An order vacating a sentence requires the trial court to sentence de novo."). Although *Maldonado* concerned application of Rule 32 of the Federal Rules of Criminal Procedure, there is no "reason why vacating a sentence on any other ground should have a different legal significance." *Ekhator*, 853 F.Supp. at 634. To hold otherwise would ignore the meaning of "vacate," both in plain usage and as it has been explicated in the caselaw of this circuit. Consistent application of remand orders issued by the court of appeals requires that a defendant whose sentence has been vacated be treated as if he or she were unsentenced.

Finally, the principle of lenity—that statutory ambiguities must be resolved in favor of the defendant—demands this result. *See, e.g., Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980) (principle of lenity "applies not only to

... substantive ... criminal prohibitions, but also to the penalties they impose"); *see also* Sarah Newland, *Statutory Construction and the Rule of Lenity,* 29 Harv.C.R.–C.L. L.Rev. 197, 228 (1994) ("The rule of lenity should serve both to inform the entire process of interpretation and to resolve ... ambiguities in particular instances of statutory interpretation.").

 A person whose sentence has been vacated is treated as a person who has not been sentenced. Thus, for purposes of deciding whether to grant or continue bail, § 3143(a) applies. Under that provision, the court need only consider whether the defendant poses a danger or is likely to flee.

In this case, the answer to both questions is no. Consequently, bail must be continued.

SO ORDERED.