In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1980

United States of America,

Plaintiff-Appellant,

v.

Robert R. Krilich,

Defendant-Appellee.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 94 CR 419--John F. Grady, Judge.


Submitted April 29, 1999--Decided May 11, 1999


   Before Easterbrook, Ripple, and Evans, Circuit Judges.

   Per Curiam.  Robert Krilich is serving a term of
64 months' imprisonment. He entered prison on
October 31, 1997, and with good behavior will be
released in spring 2002. 18 U.S.C.
sec.3624(b)(1). We affirmed his conviction, see
United States v. Krilich, 159 F.3d 1020 (7th Cir.
1998), but remanded for resentencing after
concluding that the district court's application
of the Sentencing Guidelines was unduly favorable
to Krilich. Id. at 1029-31. Krilich plans to file
a petition for certiorari, and because there is
a conflict among the circuits about the
convictions for fraud under 18 U.S.C. sec.1014
(see 159 F.3d at 1027-29, 1031-32), the Supreme
Court may be willing to hear the case. But
Krilich has been convicted on other counts too,
and because all of his convictions have been
affirmed, he cannot satisfy the requirements of
18 U.S.C. sec.3143(b) for release while seeking
certiorari: that the case present "a substantial
question of law or fact likely to result" in
outright reversal or "a reduced sentence to a
term of imprisonment less than the total of the
time already served plus the expected duration of
the appeal process."

   When issuing the opinion resolving Krilich's
appeal, we also denied his motion for release on
bail. Notwithstanding our decision, the district
judge issued an order admitting Krilich to bail

until his resentencing--and the judge deferred resentencing until the conclusion of proceedings in the Supreme Court. Applying 18 U.S.C. sec.3143(a), under which clear and convincing evidence that the person is unlikely to flee (or pose a danger to the community) requires release until sentence has been pronounced, the judge found Krilich entitled to freedom in the interim. United States v. Holzer, 848 F.2d 822 (7th Cir. 1988), holds that sec.3143(b) supplies the standards for release after the court of appeals has affirmed the conviction, and Krilich cannot satisfy the criteria of that subsection. Nonetheless, relying on United States v. Pfeiffer, 886 F. Supp. 303 (E.D.N.Y. 1992), a decision that criticized Holzer as unfaithful to the statutory text, see 886 F. Supp. at 304, the district judge wrote: "We agree with Judge Weinstein's reasoning [in Pfeiffer] that a person in Krilich's position is a person who has not been sentenced. We conclude, therefore, that sec.3143(a) applies." A single judge of this court issued a stay of the release order pending resolution of the prosecutor's appeal.

In Holzer, as here, convictions sufficient to support continued incarceration were affirmed but the case was remanded for adjustment of the time yet to be served. Holzer prevailed on one issue, and this court ordered resentencing with the expectation that Holzer would receive a modest reduction in the total sentence. But we held that he was not to be released under sec.3143(a) in the interim. Section 3143(a) applies to a person "who is awaiting imposition or execution of sentence". Section 3143(b) governs "a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari". Holzer dealt with the proper classification of a person who meets both of these descriptions: he has been sentenced, has filed an appeal (and perhaps a petition for certiorari), and is awaiting imposition of a new sentence. We concluded that sec.3143(a) "has reference to the situation where a defendant is awaiting sentencing the first time". 848 F.2d at 824. That is the law of this circuit, and the district judge was obliged to follow Holzer rather than a contrary decision of a district judge elsewhere. The facts of Holzer and this case differ, but this difference does not call our legal conclusion into question. Quite the contrary, the remand in Holzer was likely to lead to a reduction in the sentence, and the remand here to an increase. If sec.3143(a) did not apply to Holzer, it certainly does not apply to Krilich.

Pfeiffer does not persuade us to abandon Holzer. The district judge in Pfeiffer stressed

that sec.3143(a) deals with "a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence", which includes persons awaiting sentencing on remand. True enough. It is equally accurate to say that a person in Holzer's or Krilich's position comes within subsection (b). Krilich wants review by writ of certiorari, and sec.3143(b) speaks directly to his situation. Morison v. United States, 486 U.S. 1306 (1988) (Rehnquist, C.J., in chambers). Most if not all of the time Krilich spends on release (if the district judge's order is affirmed) will pass while the case is before the Supreme Court, rather than while Krilich is "awaiting imposition . . . of sentence" in the district court.

Section 3143 does not specify what happens when both subsections read on the situation. Application of both at once is impossible; they prescribe different standards. How is the tie to be broken? The different functions of the different rules enable a court to choose. "The reason for not imprisoning a convicted defendant (unless he is likely to flee or is a public menace) before he is sentenced is that the sentence may not be a sentence of imprisonment, or may be a sentence for a shorter period of imprisonment than the interval between conviction and sentencing; or that the defendant needs some time to get his affairs in order . . . . The reason has no application to a case where the defendant's conviction . . . has been upheld and a sentence . . . remanded solely to give the judge a chance to consider a possible, though doubtless modest, reduction because the court of appeals has vacated a concurrent sentence." Holzer, 848 F.2d at 824. Likewise when the remand comes with instructions that are apt to augment the punishment.

We cannot imagine any reason why a person whose convictions have been affirmed, and who faces at least another three years in prison, should be released while the district judge decides whether (and, if so, by how much) to increase the time remaining to be served. Breaking a sentence in the middle does not promote any end other than reducing the effective penalty by allowing a holiday or, worse, providing an opportunity to escape. The district court's assertion that "[t]here has been no material change since" the time Krilich was released on bail before his original sentencing disregards the fact that the convictions have been affirmed, and Krilich not only faces a greater probability of continued confinement but also should anticipate a longer term. Both of these changes make absconding more attractive, especially for someone of substantial wealth who has stashed assets in foreign nations,

as Krilich has done. When releasing Krilich, the district judge did not mention the prosecutor's contention that Krilich has violated orders regulating the disposition of his assets and thus displayed what could be understood as financial preparations for flight.

Holzer had a second holding. We stated that even if sec.3143(a) does apply following a remand for resentencing, a district court may not release the defendant for an indefinite period. Release under sec.3143(a) is supposed to be brief. Just as in Holzer, the district judge has announced that he will not resentence the defendant until the Supreme Court has acted. Because Krilich has not yet filed a petition for certiorari, the Court's decision to grant or deny review probably will not come until next fall. If the Court elects to address the conflict among the circuits concerning the bank fraud statute, then resolution may be postponed until spring 2000, more than a year in the future (and 1 years from our decision). The district court's order may enable Krilich to remain at liberty a long time, although convictions other than bank fraud suffice to detain him. We said in Holzer that in such a case, even if sec.3143(a) supplies the rule of decision, a judge would abuse his discretion by waiting more than 60 days to carry out the resentencing and return the defendant to prison. 848 F.2d at 824-25. By ignoring the alternative holding of Holzer, the district court committed a further error.

Krilich must remain in prison while awaiting decision by the Supreme Court and the imposition of a new sentence on remand. The order of the district court admitting Krilich to bail is reversed. Circuit Rule 36 will govern further proceedings in the district court.