# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-2934

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

BONNIE LAGIGLIO,

Defendant-Appellee.

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 CR 348-7—**John F. Grady**, *Judge.*

———————

SUBMITTED AUGUST 17, 2004—DECIDED OCTOBER 8, 2004

———————

Before BAUER, POSNER, and MANION, *Circuit Judges.*

POSNER, *Circuit Judge.* A jury convicted Bonnie LaGiglio of conspiracy to impede collection of taxes by the Internal Revenue Service, 18 U.S.C. § 371, an offense for which the federal sentencing guidelines prescribe a base offense level of 10; but, consistent with the guidelines, the judge increased LaGiglio's offense level by a total of 11 because of the amount of the government's tax loss and LaGiglio's use of sophisticated means to commit the crime, and sentenced her to 41 months in prison.

LaGiglio appealed the judgment to us and also filed a motion in the district court, which was denied, for release from prison pending appeal. While the appeal was pending (it is still pending), but after the Supreme Court decided *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and we determined the effect of *Blakely* on the sentencing guidelines in *United States v. Booker*, 375 F.3d 508 (7th Cir.), cert. granted, 2004 WL 1713654 (U.S. Aug. 2, 2004), LaGiglio moved us to order her released pending appeal, arguing that *Booker* caps her sentence at 12 months and she has already been in prison that long. We directed the district judge to revisit his denial of her motion for release in light of the intervening decisions. He ruled that her sentence was unlawful under *Booker* and ordered her released, precipitating this appeal by the government.

The government points out that LaGiglio is entitled to be released only if she is likely to be resentenced to a term of imprisonment shorter than the length of time that she will have been in prison by the time her appeal is decided. The Bail Reform Act authorizes release pending appeal only if (so far as bears on this case) the appeal "raises a substantial question of law or fact likely to result in . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv). An imprisoned person is not to be released pending further proceedings if it is a certainty that however those proceedings are resolved, he will have to be returned to prison. *United States v. Krilich*, 178 F.3d 859, 861-62 (7th Cir. 1999) (per curiam); *United States v. Holzer*, 848 F.2d 822, 824 (7th Cir. 1988).

The district judge did not indicate whether he thought LaGiglio was entitled to a sentence short enough not to exceed the time she has already served, and rather than speculate we shall again direct him to revisit her motion, this

time in light of *Booker*. For his guidance in considering the motion, we note that there are only three circumstances in which, consistent with the Bail Reform Act, *Booker* would entitle a district court to release a defendant pending appeal: (1) the district court plans not to rely on the sentencing guidelines at all, but instead to use its discretion to sentence the defendant to a term of imprisonment shorter than the time the defendant is expected to serve pending appeal (of course if there is a statutory minimum sentence the judge cannot go below that); (2) the court plans to empanel a sentencing jury to consider the government's evidence in support of increasing the base offense level and believes that the jury will make findings that will preclude a sentence longer than the expected duration of the appeal; or (3) the court intends that there shall be no adjustments to the base offense level and a sentence consistent with that level will expire before the appeal is likely to be resolved.

Should the judge be minded to release LaGiglio, he will have to consider the government's argument that she has waived or forfeited reliance on *Booker*. If he is not minded to order her release, he will not have to enter that briar patch.

The motion for release is referred to the district court for further proceedings consistent with this opinion.

A true Copy:

       Teste:

                    _____

                    *Clerk of the United States Court of*
                       *Appeals for the Seventh Circuit*