United States Court of Appeals
Fifth Circuit

**F I L E D**

May 22, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

---

**No. 06-20103**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JAMIE OLIS,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court**
**for the Southern District of Texas**

---

Before JOLLY, BARKSDALE, and DENNIS, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

Jamie Olis appeals from the denial, under 18 U.S.C. § 3143, of his motion for bail pending resentencing. **AFFIRMED**.

I.

In his corporate-management positions, Olis was involved in a complex transaction, enabling Olis and two coworkers to borrow $300 million but make it appear to their corporate auditor, among others, that these funds were generated from operations. ***United States v. Olis***, 429 F.3d 540, 541 (5th Cir. 2005) (direct appeal). To ensure their scheme would not cause the banks involved to lose money, Olis and his coworkers secretly took other actions; they

intentionally concealed them from the auditor responsible for determining the transaction's accounting treatment. *Id.* at 542.

At his jury trial, Olis was found guilty on six counts of securities fraud, mail and wire fraud, and conspiracy. Sentenced to 292 months imprisonment, Olis appealed his conviction and sentence. The former was affirmed, the "wealth" of evidence against Olis being noted. *Id*. at 543. The latter was vacated, however, because: he had been sentenced prior to ***United States v. Booker***, 543 U.S. 220 (2005), and its Sixth Amendment holding was implicated, Olis' sentence having been enhanced under the pre-***Booker*** mandatory Guidelines regime by facts not proved to the jury beyond a reasonable doubt, ***Olis***, 429 F.3d at 543; and the district court's loss-calculation "overstated the loss *caused by* Olis's crimes", *id.* at 541 (emphasis in original).

Accordingly, this matter was remanded for resentencing. On remand, it was determined sentencing probably would not take place for several months (summer of 2006), due, in part, to the amount of loss being in dispute; Olis and the Government opted to have experts address loss calculation and an evidentiary hearing is to be held. Concomitantly, the district court denied Olis' motion for bail pending resentencing, as well as his motion to reconsider.

## II.

Solely at issue is the bail-denial, which is reviewed *de novo*. Generally, such denial is reviewed for an abuse of discretion,

2

*United States v. Milhim*, 702 F.2d 522, 526 (5th Cir. 1983); but, when, as here, it involves an error of law that entails statutory interpretation, review is *de novo*. *See* *United States v. Orellana*, 405 F.3d 360, 365 (5th Cir. 2005).

A convicted defendant has no constitutional right to bail. *See* *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987). Thus, as the parties acknowledge, any putative right to bail derives from 18 U.S.C. § 3143, which "establishes a presumption against" its being granted. *Id*. The parties disagree, however, about which subsection of § 3143 applies to Olis' procedural posture: he has been convicted and sentenced; his conviction has been affirmed but his sentence has been vacated; and he awaits resentencing.

Section 3143 provides, in part:

> **(a) *Release or detention pending sentence*. —** **(1)** ... [T]he judicial officer shall order that a person who *has been found guilty* of an offense and who is *awaiting imposition or execution of sentence* ... be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ....
> **(b)** ***Release or detention pending appeal by the defendant***. — **(1)** ... [T]he judicial officer shall order that a person who has been *found guilty* of an offense and *sentenced* to a term of imprisonment, and who has *filed an appeal or a petition for a writ of certiorari*, be detained, unless the judicial officer finds —

> **(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ... *and*
> **(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in —
>> **(i)** reversal,
>> **(ii)** an order for a new trial,
>> **(iii)** a sentence that does not include a term of imprisonment, or
>> **(iv)** *a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process ....*

18 U.S.C. § 3143 (emphasis added). Accordingly, pursuant to subsection (a), a convicted defendant may be released *pending sentencing* if "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community". ***Id.*** § 3143(a)(1).

The only circuit court to address subsection (a) in relation to a *pending resentencing* has explained it applies only "where a defendant is *awaiting sentencing the first time*". ***United States v. Holzer***, 848 F.2d 822, 824 (7th Cir. 1988) (emphasis added). The reasons for releasing a convicted defendant prior to sentencing — such as his getting his affairs in order — do *not* apply to an

4

incarcerated defendant *whose conviction has been affirmed*. ***Id.***; *see* S. REP. NO. 98-225, at 26 (1983), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3209 (explaining a short release may be appropriate "for such matters as getting [the defendant's] affairs in order prior to surrendering for service of sentence"). One district court applied subsection (a) to a defendant awaiting resentencing, ***United States v. Pfeiffer***, 886 F. Supp. 303 (E.D.N.Y. 1995), but that case was distinguishable because the defendant had not yet been incarcerated. *See* ***United States v. Ben-Ari***, No. 03CR1471HB, 2005 WL 1949980, at *2 (S.D.N.Y. 15 Aug. 2005).

On the other hand, subsection (b) permits a defendant with a "pending appeal" to be released only if, *inter alia*, his appeal is likely to result, among other things, in a sentence reduced to less imprisonment than he has already served or will serve during his appeal (reduced-sentence provision). 18 U.S.C. § 3143(b)(1)(B). This subsection applies, pursuant to its plain language, to defendants who have been *sentenced* and have a pending appeal or cert petition; in addition, it has been interpreted to apply to defendants, such as Olis, who are *awaiting resentencing but whose convictions have been affirmed*. ***United States v. Krilich***, 178 F.3d 859, 860-61 (7th Cir. 1999). For such a procedural posture, the Seventh Circuit explained:

> We cannot imagine any reason why a person whose convictions have been affirmed, and who faces [several] years in prison, should be

> released while the district judge decides whether (and if so, by how much) to increase the time remaining to be served. Breaking a sentence in the middle does not promote any end other than reducing the effective penalty by allowing a holiday or, worse, providing an opportunity to escape.

*Id.* at 861-62.

As is obvious from each subsection's plain language, neither is a perfect fit for a defendant in Olis' procedural posture. The district court found Olis, as neither a flight risk nor a danger, met the requirements of subsection (a). Nevertheless, it followed the Seventh Circuit's view: subsection (a) applies to defendants who have *not* been sentenced or incarcerated, while subsection (b) arguably applies to a defendant, such as Olis, who has been sentenced, incarcerated, had his conviction affirmed but his sentence vacated on appeal, and awaits resentencing.

Such a result comports with the goals of the statute and with common sense. Applying subsection (a) in this instance would lead to an absurd result: Olis would be temporarily released, only to return to prison for the remainder of his sentence. *See **United States v. Izaguirre-Flores**,* 405 F.3d 270, 277 (5th Cir. 2005) ("[W]e will not interpret a statute in a fashion that will produce absurd results".) As the district judge stated,

> [Olis is] facing substantially more time than he's already served. It makes no sense to put him out on bond, let him reintegrate with his family, and then tell him, Now you've got to go back to prison ....

It cannot be disputed that subsection (b)'s "pending appeal" language envisions a defendant, unlike Olis, who has a *pending* appeal on a matter other than, as here, his release on bail pending resentencing. Restated, Olis' instant appeal relates only to obtaining bail; it does not parallel subsection (b)'s language concerning a pending appeal or petition for a writ of certiorari. In contrast, his procedural posture does fit the subsection's "found guilty of an offense" language, and he partly satisfies its "sentenced to a term of imprisonment" requirement. For the latter, his sentence's being vacated does *not* alter the fact that he *was sentenced* after his trial. Now, he is simply awaiting resentencing. As discussed, the delay in Olis' being resentenced is caused largely by his and the Government's use of experts to address the calculation of loss resulting from Olis' scheme.

Olis could have moved for release under subsection (b) when his direct appeal was pending; the motion probably would have been denied. Because Olis has already appealed his conviction and sentence, subsection (b) remains a far better fit than (a).

Applying subsection (b), the district court concluded Olis should not be released pending resentencing. As of January 2006, when the district court intended to resentence him, Olis had served only 20 of his vacated 292 months' sentence. In imposing that sentence, the district judge "overemphasized his discretion", *Olis*,

7

429 F.3d at 548, and held Olis responsible for over $100 million of estimated loss. At resentencing, even were he held responsible for only one percent of that amount ($1 million), Olis would still face an imprisonment range of 97 to 121 months. Because he has served far less than this lower, possible sentence, Olis cannot meet § 3143(b)(1)(B)(iv)'s reduced-sentence provision. Further, he neither contended in district court, nor here, that he meets the requirements of subsection (b), instead relying solely on subsection (a), which does *not* apply. In sum, Olis fails to overcome the presumption against release pending resentencing. *See Williams*, 822 F.2d at 517.

### III.

For the foregoing reasons, the bail-denial is

*AFFIRMED.*

8