Mark David Plaisance, Esq., Baker, LA, for Defendant–Appellant.

Before HIGGINBOTHAM, SMITH and HAYNES, Circuit Judges.

PER CURIAM: *

Abraham Avetisyan appeals the district court's imposition of a fine of $10,000, following his plea of guilty to access device fraud in violation of 18 U.S.C. § 1029(a)(3). We affirm.

According to Avetisyan, because the presentence report (PSR) showed he was incarcerated, lacked assets, and had no ability to pay an immediate fine, the Government was required to come forward with evidence of his ability to pay, and the district court was required to make find-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

ings regarding his ability to pay. As Avetisyan concedes, because he did not object to the imposition of the fine, we review only for plain error. *See United States v. Brantley,* 537 F.3d 347, 349 (5th Cir.2008).

The PSR made no determination that Avetisyan lacked a future ability to pay a fine, and it set forth evidence of Avetisyan's past gainful employment and earnings. In addition, the district court ordered the fine to be paid in future installments of 25% of Avetisyan's gross income to begin 30 days following Avetisyan's release from prison. Under these circumstances, there was no error, and certainly no plain error. *See Brantley,* 537 F.3d at 352–53 and n. 1; *United States v. Landerman,* 167 F.3d 895, 900 (5th Cir.1999).

The judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles CRAWLEY, Also Known as Chuck Crawley, Defendant–Appellant.**

No. 11–20392
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 7, 2011.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

308

Dallas Craig Hughes, Esq., Houston, TX, for Defendant–Appellant.

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM: *

Charles Crawley, federal prisoner # 66068–179, was convicted of mail fraud, embezzlement of property, embezzlement of union funds, and false entry in the records required by the Labor–Management Reporting and Disclosure Act of 1959. Crawley appeals the denial of release pending resolution of his 28 U.S.C. § 2255 proceedings and moves this court for release pending resolution of his request for a certificate of appealability, which he admits he has not yet filed.

Crawley argues that he should have been granted bail based on his contention that his mail fraud and embezzlement convictions are invalid in light of *Skilling v. United States*, —— U.S. ——, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010), because they involved honest services fraud and that he has therefore served longer than the statutory maximum term of imprisonment. Alternatively, he argues that if only the embezzlement-of-union-funds conviction is invalid, he is eligible for immediate placement in a halfway house. We review the denial of bail for abuse of discretion unless the denial involves statutory interpretation, in which case we review *de novo*. *See United States v. Olis*, 450 F.3d 583, 585 (5th Cir.2006).

Release pending appeal of the denial of post-conviction relief should be granted "only when the [movant] has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the [postconviction] remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir.1974). Crawley has not met those requirements. Accordingly, the denial of bail is AFFIRMED, and Crawley's instant motion for bail is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.