**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2012

Lyle W. Cayce
Clerk

No. 12-20773
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GILBERT LOPEZ,

Defendant-Appellant

--------------------------------------------------------------------------------------------------

Consolidated with
No. 12-20774
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARK KUHRT,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-342-3

Nos. 12-20773, 12-20774

Before WIENER, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Gilbert Lopez and Mark Kuhrt ("Defendants") were convicted on November 19, 2012 of conspiracy and wire fraud for their roles in Allen Stanford's multi-billion-dollar Ponzi scheme. They had remained free on bond prior to trial, but after conviction the district court remanded them to custody pending sentencing. Defendants filed motions for release pending sentencing, which the district court denied. They appeal the denial of those motions.

A defendant who has been convicted "shall . . . be detained" pending sentencing "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."[1] Thus, there is a presumption against release pending sentencing.[2] We review a district court's decision regarding release only for abuse of discretion.[3]

Considering both the burden on the Defendants to show by clear and convincing evidence that they are not likely to flee and our deferential standard of review, we are reluctant to reverse the district court's decision. The district court, having conducted a twenty-five-day trial, was in the better position to assess the Defendants' international contacts and their motive to flee, particularly in light of their co-conspirator's 110-year sentence. We also note

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 18 U.S.C. § 3143(a)(1).

[2] *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006).

[3] *Id*; *see also United States v. Cantu-Salinas*, 789 F.2d 1145, 1146 (5th Cir. 1986) ("In such circumstances we cannot say that the court abused its discretion in denying Cantu bail.").

Nos. 12-20773, 12-20774

that the government ultimately opposed the motions for release despite having initially declined to seek remands to custody.[4]  Although the evidence attached to the Defendants' motions may have somewhat mitigated the likelihood that they would flee, we cannot say that the district court abused its discretion in concluding that the evidence failed to do so clearly and convincingly.  On de novo review we might reach a different conclusion, but that is not the standard.

AFFIRMED.

---

[4] The Defendants filed the motions as opposed based on communication with the government.  The district court denied the motions before the government had an opportunity to file its oppositions.