# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20225
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 25, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

　　　　Plaintiff – Appellee,

v.

WARREN DAILEY,

　　　　Defendant – Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-548-1

---

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

　　Warren Dailey appeals the denial of his motion for release on bail pending sentencing.[1]  This court remanded the case for the limited purpose of allowing the district court to state its reasons for denying Dailey's motion.  The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Dailey inconsistently characterizes his filings both as an appeal of the district court's order and as a motion asking this court to set a bond and conditions pending sentencing and appeal.  To the extent Dailey has filed a motion for release on bond, it is DENIED.

district court explained that it "[did] not find that there is clear and convincing evidence that [Dailey] is not likely to flee" and therefore found that Dailey was not entitled to release under 18 U.S.C. § 3143. We review the denial of bail for abuse of discretion, keeping in mind that § 3143 establishes a presumption against the granting of bail after a conviction. *See United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006); 18 U.S.C. § 3143(a)(1) ("[T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee . . . if released.").

Dailey has not shown that the district court abused its discretion in denying his motion for release pending sentencing. His only argument that he is not a flight risk is that he complied with all the conditions of bail pending trial. This is insufficient to meet Dailey's burden on appeal. On this record, the district court did not abuse its discretion in finding that Dailey had not shown by clear and convincing evidence that he was not a flight risk. *See United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) (affirming denial of release on bail pending sentencing where defendants had remained free on bond prior to trial and had produced additional evidence that that they were unlikely to flee). Accordingly, we AFFIRM the district court's denial of Dailey's motion for release pending sentencing.