# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 20-50299
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORY DOTSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-MJ-96-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Gregory Dotson is charged in a criminal complaint with possession of five grams or more of actual methamphetamine with intent to distribute and felony possession of a firearm. *See* 21 U.S.C. § 841(b)(1)(B)(viii); 18 U.S.C. § 922(g). He appeals the district court's order of detention pending trial.

"Absent an error of law, we must uphold a district court's pretrial detention order if it is supported by the proceedings below, a deferential

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 20-50299

standard of review that we equate to the abuse-of-discretion standard." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) (internal quotation marks and citation omitted). We review questions of law de novo, *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006), and we review factual findings supporting an order of detention for clear error, *United States v. Aron*, 904 F.2d 221, 223 (5th Cir. 1990). Dotson does not dispute that, in light of the drug charge, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure his appearance at trial and the safety of the community. *See* § 3142(e)(3)(A).

Although Dotson's recent behavior during his pretrial release in a related Texas case is relevant to the consideration of his history and characteristics, so, too, is his lengthy criminal history. *See* § 3142(g)(3). Moreover, Dotson ignores that the charged offenses involve both a controlled substance and a firearm and that his criminal history supports the district court's finding that his release would pose a danger to the community. *See* § 3142(g)(1) and (4). The proceedings below amply support Dotson's pretrial detention such that the district court did not abuse its discretion, particularly given the applicable presumption against release. *See Hare*, 873 F.2d at 798; § 3142(e)(3)(A).

AFFIRMED.