# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2021

Lyle W. Cayce
Clerk

No. 20-40872
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CARLOS ROCHA VILLAURRUTIA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-CR-212-5

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Carlos Rocha Villaurrutia appeals the district court's order revoking the magistrate judge's order of pretrial release and detaining Villaurrutia pending trial. An indictment charged Villaurrutia with conspiring to possess with intent to distribute five kilograms or more of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40872

cocaine, in violation of 21 U.S.C. § 846; conspiring to manufacture and distribute five kilograms or more of cocaine knowing that it would be unlawfully imported into the United States, in violation of 21 U.S.C. § 963; manufacturing and distributing five kilograms or more of cocaine knowing that it would be unlawfully imported into the United States, in violation of 21 U.S.C. § 959 and 18 U.S.C. § 2; conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h); and conspiring to obtain aircraft registration certificates by falsifying and concealing material facts, in violation of 18 U.S.C. § 371 and 49 U.S.C. § 46306.

"Absent an error of law," we will uphold a district court's pretrial detention order "if it is supported by the proceedings below," a deferential standard of review that we equate with the abuse-of-discretion standard. *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992) (internal quotation marks and citation omitted). When, as here, the district court considers whether to revoke a magistrate judge's pretrial detention order, "the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *Id*. at 585. We review questions of law *de novo*, *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006), and factual findings supporting an order of detention for clear error, *United States v. Aron*, 904 F.2d 221, 223 (5th Cir. 1990).

The Bail Reform Act provides that a person shall be released pending trial unless a judge finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *see United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). In this case, a rebuttable presumption arose that no condition or combination of conditions would reasonably assure the defendant's appearance at trial and the safety of the community because an indictment charged Villaurrutia with "an offense for which a maximum term of imprisonment of ten years or more is prescribed

No. 20-40872

in the Controlled Substances Act (21 U.S.C. 801 et seq.)." § 3142(e)(3)(A); *see United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir. 1987).

Villaurrutia contends that the district court erred by finding that (1) he failed to rebut the presumption under § 3142(e) and (2) there were no conditions of release that would reasonably assure the safety of the community and his appearance at trial. He also asserts that the Government refused to recommend that he be released on bail because he was no longer cooperating with the Government and that, as a result, he was denied his right to counsel and due process of law.

The record does not support Villaurrutia's assertion that the district court shifted the Government's burden of persuasion to him. *See Hare*, 873 F.2d at 798. The district court found that Villaurrutia failed to rebut the presumption, but the record reflects that the district court weighed the presumption along with the evidence presented at the hearing in determining whether conditions of bond would reasonably assure Villaurrutia's appearance and the safety of the community in light of the factors of § 3142(g). In addition to considering the nature and circumstances of the charged offenses, which allegedly involved complex schemes facilitated by Villaurrutia and others to move significant quantities of cocaine, the district court considered Villaurrutia's personal and financial ties to Mexico. The district court also expressly acknowledged Villaurrutia's supportive family and community ties and reviewed the numerous letters of support submitted on Villaurrutia's behalf. However, the court implicitly found that Villaurrutia's family and community ties did not outweigh other proper considerations.

The record does not reflect that the district court committed any error of law or clearly erred by concluding that Villaurrutia was a flight risk. *See Olis*, 450 F.3d at 585; *Aron*, 904 F.2d at 223. Thus, we need not address the

3

No. 20-40872

district court's determination that the safety of the community could not reasonably be assured if Villaurrutia were released. *See United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).

As for Villaurrutia's constitutional challenges, they appear to rest on the premise that, because one codefendant who cooperated with the Government was ordered released pending trial, Villaurrutia's own detention pending trial is the result of his failure to cooperate with the Government and is being used to induce him to enter a guilty plea. These contentions are speculative and unavailing. Villaurrutia has not demonstrated that any provision of the Bail Reform Act is unconstitutional on its face or as applied to him. Neither has he shown that the district court's decision to deny him pretrial release was based, in any part, on his failure to cooperate with the Government.

The district court's order is AFFIRMED.