# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2022

Lyle W. Cayce
Clerk

No. 21-40890
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHIDINDU OKEKE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-253-14

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Chidindu Okeke appeals the district court's denial of his motion to revoke the magistrate judge's order that he be detained pending trial.  Okeke is charged with conspiracy to commit wire fraud in violation of 18 U.S.C.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

§ 1343 and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).

Absent an error of law, we will uphold a pretrial detention order if it is supported by the record, "a deferential standard of review that we equate to the abuse-of-discretion standard." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992) (internal quotation marks and citation omitted). Questions of law are reviewed de novo, *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006), and factual findings are reviewed for clear error, *United States v. Aron*, 904 F.2d 221, 223 (5th Cir. 1990).

A judicial officer may order a defendant detained pending trial if he finds by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person" or by clear and convincing evidence that "no condition of combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e); *see United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985). Relevant factors that the district court must consider in determining whether an individual is a flight risk or a danger to community include (1) the nature and circumstances of the charged offense, (2) the weight of the evidence against the person, (3) the person's history and circumstances, and (4) the nature and seriousness of the danger to any person or the community. § 3142(g); *Rueben*, 974 F.2d at 586.

Noting the nature of the offense and the evidence adduced at the detention hearing, the district court found that, based upon a preponderance of the evidence, Okeke posed a "serious flight risk" and that there was "no condition or combination of conditions on which [Okeke] could be released which would reasonably assure [his] presence at trial."

Okeke's appellate arguments fail to show an abuse of discretion in the district court's findings for the following reasons. Contrary to Okeke's

assertions, neither the fact that he is a non-violent offender with no criminal history nor the fact that pretrial services recommended release with conditions precluded an order of pretrial detention. *See* § 3142(g); *Rueben*, 974 F.2d at 586. Further, counsel's experience with his prior clients, the Government's purported practice of requesting detention for non-violent offenders, and the Government's purported failure to timely turn over discovery in this case are not relevant to a § 3142(g) inquiry or our review on appeal. In addition, Okeke's arguments regarding dangerousness are inapposite to the reasons for the district court's ruling as the district court did not find that he was a danger to any person or the community.

Finally, as noted by the Government, Okeke offers no meaningful argument that the evidence relied upon by the district court in denying his motion fails to show, by a preponderance of the evidence, that he was a flight risk and that there was no condition or combination of conditions that would reasonably assure his appearance at trial. *See* § 3142(e). Accordingly, he fails to show that the district court abused its discretion by denying his motion to revoke pretrial detention. *See Rueben*, 974 F.2d at 586. The district court's denial of the motion is AFFIRMED.