# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2023

Lyle W. Cayce
Clerk

_____

No. 22-30800
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Craig Singleton, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:22-CR-264-1

_____

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Michael Singleton, Jr., is charged with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, and possession of a firearm in furtherance of a drug

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30800

trafficking crime. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B); 21 U.S.C. § 846; 18 U.S.C. § 924(c)(1)(A). He appeals an order by the district court affirming an order of detention from the magistrate judge (M.J.).

Singleton contends that the district court wrongly affirmed. He maintains that he successfully rebutted the presumption that no condition or combination of conditions would reasonably assure his appearance at trial and the safety of the community and avers that the government did not otherwise establish that he should be denied release. He posits that a proper consideration of the 18 U.S.C. § 3142(g) factors supports that he was not a danger or a flight risk. Also, he asserts that the district court did not conduct a *de novo* review of the order of detention.

"Absent an error of law, we must uphold a district court's pretrial detention order if it is supported by the proceedings below, a deferential standard of review that we equate to the abuse-of-discretion standard." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) (internal quotation marks and citation omitted). We review questions of law *de novo*, *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006), and factual findings supporting an order of detention for clear error, *United States v. Aron*, 904 F.2d 221, 223 (5th Cir. 1990).

In light of the charged offenses, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure Singleton's appearance at trial and the safety of the community. *See* § 3142(e)(3)(A), (B). The presumption shifts to a defendant the burden of producing rebuttal evidence. *See Hare*, 873 F.2d at 798; *United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir. 1987). The mere production of evidence does not completely rebut the presumption. *Hare*, 873 F.2d at 798, 799; *see* § 3142(e)(1), (3). In applying the burden-shifting framework, the district court should consider the § 3142(g) factors.

2

No. 22-30800

The evidence as a whole "supports the conclusions of the proceedings below." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992). In particular, Singleton has not shown that the district court abused its discretion in determining that he poses a danger to the community and that, in light of the applicable statutory presumption, no condition or combination of conditions would mitigate concerns about the threat of danger that he presents. *See Rueben*, 974 F.2d at 586; *Hare*, 873 F.2d at 798. Because the finding of dangerousness is supported by the record, we need not address whether Singleton also was a flight risk. *See Rueben*, 974 F.2d at 586.

This evidence specifically supports that Singleton is dangerous and should be subject to pretrial detention. *See Rueben*, 974 F.2d at 586; *Hare*, 873 F.2d at 799. The decision is supported by each of the § 3142(g) factors: the nature and circumstances of the offenses, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that the defendant's release would present. Although Singleton asserts that his ties to his family and to the locality in which he faces trial support that detention is unwarranted, he lived and worked with his family at the time of his crimes and purportedly was able to traffic large amounts of cocaine from Texas to Louisiana without his family's being aware of his illegal conduct. Any favorable evidence as to his history and characteristics is insufficient to establish that the district court abused its discretion in its assessment of this particular factor and does not support that the court erred in its consideration of all four § 3142(g) factors. *See* § 3142(g)(3)(A); *Hare*, 873 F.2d at 798.

Singleton also has not shown that the district court failed to conduct a *de novo* review. There is no indication that it impermissibly deferred to the M.J.'s ruling; instead, the record supports that the district court decided that Singleton's challenges to the M.J.'s ruling lacked merit and that the M.J. had correctly determined that Singleton should be detained. The record does not

No. 22-30800

establish that the district court did not rely on its own review and assessment of the evidence and of the parties' arguments in deciding whether Singleton should be detained.

AFFIRMED.