# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20465
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 21, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KHOSROW AFGHAHI,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-204-2

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Khosrow Afghahi appeals the district court's denial of his motion to revoke his pretrial detention order. The district court determined that Afghahi's case involves a serious risk of flight and that no condition or combination of conditions will reasonably assure his appearance if he is released. 18 U.S.C. §§ 3142(e)-(g), 3145(b).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20465

Absent an error of law, we must uphold a district court's pretrial detention order if it is supported by the proceedings below, a deferential standard of review that we have equated to the abuse-of-discretion standard. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). The same standard governs our review of the denial of a § 3145(b) motion to revoke a detention order. *Id.* We generally look to whether "the evidence as a whole supports the conclusions of the proceedings" in the district court, *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992), although we review questions of law de novo, *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006).

Afghahi argues that the district court applied incorrect legal standards. We disagree. The district court repeatedly articulated and applied the correct statutory standards. *See* § 3142(e)-(f). Any error in the district court's consideration of "community ties" to Houston, Texas, or the best interests of Afghahi's proposed sureties was harmless as the court found that Afghahi lacks ties to the United States and that the proposed sureties would not be effective in reasonably assuring his appearance. *See* FED. R. CRIM. P. 52(a). In light of the statutory factors, *see* § 3142(g), "the evidence as a whole supports the conclusions of the proceedings," *Rueben*, 974 F.2d at 586.

AFFIRMED.

2