# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20013
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PRAFUL PATEL; DILIPKUMAR RAMANLAL PATEL,

Defendants-Appellants

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-385

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Praful Patel and Dilipkumar Ramanlal Patel have been charged with conspiracy, wire fraud, and money laundering offenses arising out of an alleged telemarketing scheme in which call centers in India would call United States residents and mislead them into believing they had to pay money to avoid arrest or deportation or to receive a government loan or grant. According to the indictment, the alleged fraud involved 15,000 known victims of these calls

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and more than 50,000 victims of identity theft.  Praful's and Dilipkumar's alleged role in the offense was working as "runners" in the United States who helped transfer the victims' money to bank accounts controlled by the conspirators.  The callers in India would direct the call recipients to withdraw money from an ATM and place the funds on temporary debit cards.  The call recipients would then provide the information for those debit cards to the callers in India.  This is when runners like Praful and Dilipkumar came into the picture.  They would purchase general purpose reloadable (GPR) cards, provide the information to the call center, and the victims' funds would be transferred to those GPR cards.  The runners would then take the GPR cards, loaded with money from the victims, and purchase money orders that were deposited in bank accounts.

Praful and Dilipkumar appeal the district court's order of detention and revocation of the magistrate judge's release order.  In concluding that no conditions of release could reasonably assure the appearance of these defendants at trial, the district court relied on the severity of the offense; the strength of the government's evidence (including post-*Miranda* confessions from Dilipkumar); and the history of the Defendants including limited ties to Houston, contacts in India, and extensive experience creating false identifying information (six fraudulent identification cards containing a photo of Praful were found at his residence during his arrest).

"Absent an error of law, [this court] must uphold a district court's pretrial detention order if it is supported by the proceedings below, a deferential standard of review that [we] equate[s] to the abuse-of-discretion standard."  *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989).  Defendants argue that the district court erred in failing to consider their ties to Florida, where they have resided.  Although we have long noted that a

relevant flight risk factor is "longstanding ties to the locality in which [a defendant] faces trial," *United States v. Reuben*, 974 F.2d 580, 586 (5th Cir. 1992), Defendants argue we have not held that *only* ties to the local community (as opposed to other ties to the United States) may be considered. *See United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990) (concluding that the "community" cited in 18 U.S.C. § 3142(g) "embraces both the community in which the charges are brought and also a community in the United States to which the defendant has ties"); *see also United States v. Afghani*, 627 F. App'x. 365 (5th Cir. 2015) (recognizing but not deciding this issue). We need not decide this question, however, as even assuming the district court should have also considered ties to the United States, that error was harmless. Even with ties to Florida helping the Defendants, a number of other characteristics of the Defendants—itself only one of the factors that weighed in favor of detention—identified by the district court would still support that factor weighing in favor of a flight risk determination (ties to India, no ties to Houston, and access to fraudulent documentation).

We thus conclude that evidence supports the district court's determination that no conditions exist that would reasonably assure the appearance of Praful and Dilipkumar Ramanlal. *See* 18 U.S.C. § 3142; *United States v. Stanford*, 341 F. App'x. 979, 981–82 (5th Cir. 2009) ("[N]either the Bail Reform Act nor our caselaw requires a court to be absolutely certain that no possible non-detention option will prevent flight before determining that a defendant must remain in custody."). The district court did not abuse its discretion by ordering Praful and Dilipkumar Ramanlal detained pending trial. *See United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992); *United States v. Hare*, 873 F.2d 796, 798—99 (5th Cir. 1989).

AFFIRMED